J. Irwin Shapiro, J.
This is a motion by the defendant Lawson ‘ ‘ for an order dismissing the cause of action in the complaint brought on behalf of the plaintiff, doris i. mordecai, as against the defendant, john lawson, on the grounds that a cause of action is not stated ’ ’.
The cause of action under attack is one by the plaintiff in which she seeks to recover medical expenses and loss of services resulting from personal injuries .sustained by her two infant children while they were passengers in an automobile owned by the defendant Lawson and operated with his consent, but in his absence, by her.
The defendant Lawson contends that “ Since [the plaintiff] was the driver of the vehicle she has no cause of action on behalf of herself as against ’ ’ him.
An action for loss of services is a personal injury action. (General Construction Law, § 37-a.)
The theory underlying a parent’s loss of service action is that the parent has suffered an invasion of the right to the services of the minor child as a direct result of a third party’s negligent act. (Russo v. City of New York, 258 N. Y. 344; Cuming v. Brooklyn R. R. Co., 109 N. Y. 95.)
Contrary to plaintiff’s contention, a cause of action asserting a claim for loss of services is not brought “ in a representative capacity for the benefit of her children ” but is an action belonging to the plaintiff parent personally. (McKay v. Syracuse *249 R. T. Ry. Co., 208 N. Y. 359; Maxson v. Tomek, 244 App. Div. 604; Bailey v. Roat, 178 Misc. 870.)
Under the common law, the owner of an automobile was not liable to third persons for the negligent act of the operator of his car even though it was being operated with his consent but not on his business if he was not present in the vehicle. (Mergentime v. New England Tel. & Tel. Co., 255 App. Div. 628, affd. 281 N. Y. 739; Cherwien v. Geiter, 272 N. Y. 165.)
By statute, this common-law rule was changed. In its present form, the applicable law (Vehicle and Traffic Law, § 388), in pertinent part, provides: ‘ ‘ Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.”
The statute as originally enacted and in its present form changed the law to create a liability for negligence where none had previously existed. (Gochee v. Wagner, 257 N. Y. 344; Jackson v. Brown & Kleinhenz, 273 N. Y. 365.) This plaintiff, however, does not come within the purview of section 388 of the Vehicle and Traffic Law for that law is limited in its scope to imputing the negligence of the automobile operator to the owner of the motor vehicle he is driving for the benefit of third persons. It does not give the operator a cause of action against the owner for his, the driver’s, own negligence. (Webber v. Graves, 234 App. Div. 579; Gochee v. Wagner, supra.) A recovery by the plaintiff against the defendant Lawson would necessarily be predicated upon her own negligence in the operation of Lawson’s motor vehicle. There is no such cause of action.
The motion is therefore granted and the plaintiff’s complaint in her individual capacity is dismissed for failure to state a cause of action against the defendant Lawson.