*1012 OPINION OF THE COURT
Harold Hyman, J.
This is a motion by defendant, George Senior, for summary judgment.
In this action for personal injuries, plaintiff alleges that defendant, George Senior, was the owner of a Honda motorcycle who, together with codefendant, Stephen Aprigliano, on or about July 4, 1976, negligently undertook to advise and instruct plaintiff in the method and means of the operation of such motorcycle. As a result of plaintiff’s reliance on allegedly "inaccurate and erroneous statements”, he incurred serious injuries for which he seeks relief.
Despite movant’s failure to serve an amended answer as permitted by a prior order of this court, said movant had served an answer to plaintiff’s amended complaint in June of 1978. Therefore, issue has been joined, and the motion for summary judgment is now properly before the court.
Upon a review of all pleadings, affidavits and portions of the testimony given by the plaintiff and movant at their examinations before trial, it appears that certain relevant facts are undisputed. Defendant Senior was the owner of the subject motorcycle which was left at the service station owned by his friend and codefendant Aprigliano one day prior to his going away for the holiday weekend. On the following day, July 4, 1976, plaintiff and codefendant Aprigliano arrived together at the station whereupon the defendant, Aprigliano, attempted to instruct the plaintiff in the operation of defendant Senior’s motorcycle. When the plaintiff attempted to use and operate the motorcycle on his own, without the assistance of defendant Aprigliano nor with defendant Aprigliano’s presence on the cycle, he, plaintiff, lost control and crashed.
Contrary to those portions of the complaint above quoted, plaintiff’s deposition reveals that defendant Senior, the owner, was absent from the service station on the date of the occurrence and that he had never given plaintiff permission to operate the motorcycle or offered any instruction to plaintiff in its use and operation.
It is plaintiff’s contention that there are material issues of fact on the question of whether the owner, Senior, had given his permission, express or implied, to defendant, Aprigliano, to use the motorcycle. Senior has contested the extent to which he permitted Aprigliano to use the cycle. Obviously, this *1013 raises a factual dispute as between these defendants which is a matter to be resolved by a jury. However, plaintiff maintains that this issue of fact also bars the granting of summary judgment to the defendant, owner, as against the plaintiff because of alleged statutory liability imposed against owners of a motor vehicle (“motorcycle” being within the meaning of the statute) pursuant to section 388 of the Vehicle and Traffic Law. On the other hand, it is the defendant owner’s position that the plaintiff, as operator of the vehicle, is not among the protected class intended by the Legislature in enacting the statute.
Subdivision 1 of section 388 of the Vehicle and Traffic Law reads, in pertinent part, as follows: “1. Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.” (Emphasis supplied.)
The statute speaks to benefit injured third persons by imputing liability to the owner for the negligence of the person using or operating his vehicle with his express or implied permission. This category of persons entitled to recover under the statute most commonly includes the owner or operator of another vehicle, a pedestrian or guest of the permittee (4A NY Jur, Automobiles and Other Vehicles, § 877, p 379). However, plaintiff herein now seeks to include himself within this protected class despite his concession that he alone was operating the vehicle and moreover, without the express or implied permission of the owner.
This court is unaware of any case in which the operator of a vehicle can utilize this statute for purposes of imputing his own potential negligence to the absentee owner. To the contrary, in Mordecai v Hollis (50 Misc 2d 248), the court specifically held that section 388 of the Vehicle and Traffic Law does not give the operator a cause of action against the owner for his, the driver’s, own negligence. The court opined that no such cause of action existed.
Finally, this court is wary of plaintiff’s contention that a more expansive view should be taken of the term “use”, as used in the statute, so as to include defendant Aprigliano’s act of instructing plaintiff in the operation of the motorcycle as a permissive use expressly or impliedly approved by the owner. *1014 Under the known factual circumstances of this case, such a broad and encompassing definition would not be warranted.
Were it not for the foregoing reasons that the motion by defendant Senior for summary judgment is being granted, the motion would have been granted for the following reason, namely:
On a motion for summary judgment it is incumbent upon the one seeking to defeat same that he "lay bare” all pertinent or relevant "facts” which he contends indicates the merits of his claim which should defeat the motion.
In the instant matter, plaintiff has only set forth a "conclusion” in his affidavit of "so-called” merits. In mere conclusory terms he states: "8. The instruction and supervision given * * * were so negligently given as to result in the * * * injuries sustained.” No other factual averment was made by plaintiff which in any way indicates a basis for his conclusion of negligence (Koppers Co. v Empire Bituminous Prods., 35 AD2d 906); and, such is not satisfied by a mere repetition of the complaint without factual evidence upon which to impose liability upon the movant (Golding v Weissman, 35 AD2d 941).
Defendant Senior’s motion is granted.