■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO CHAVEZ, Appellant. [688 NYS2d 563] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered April 2, 1997, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rosenzweig, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant was arrested pursuant to a so-called "buy and bust" operation conducted by an undercover officer who made a purchase from him and three accomplices. Contrary to the defendant's claim, the police properly detained and arrested him. The hearing court properly denied his motion to suppress the two pieces of tinfoil and the narcotics contained therein that was recovered on his person upon searching him following his arrest.

Immediately following the sale, the undercover officer radioed members of his field team that the transaction had occurred and gave them descriptions of the people involved. Members of the field team responded to the vicinity of the sale and, upon observing the defendant, detained him. Afterwards the undercover officer, in a car driven by someone else, drove past the site of the defendant's detention and made a confirmatory identification, notifying the members of the field team via a second radio transmission.

The defendant's arrest was not improper. The "fellow officer rule" permits a hearing court to impute the observing (undercover) officer's knowledge to the arresting officer (*see, People v Dorta,* 244 AD2d 566). Although the defendant claims that the description of him given by the undercover officer to members of the field team was inaccurate and thus that he was improperly detained, the arresting officer had independent probable cause to arrest the defendant based not on the undercover officer's initial radio transmission but on the content of the second, confirmatory radio transmission he subsequently received from the undercover officer (*see, People v Chappell,* 201 AD2d 492).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the identity of the defendant as one of the perpetrators in the sale of cocaine to the undercover officer and his guilt beyond a reasonable doubt. Although there may have been some inconsistencies in the testimony of the People's witnesses, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented were primarily questions to be determined by the court as the trier of fact, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., Friedmann, Florio and McGinity, JJ., concur.