OPINION OF THE COURT
Thomas V. Polizzi, J.
In this action to recover damages for personal injuries, plaintiff moves to strike the first defense and counterclaim and second defense and counterclaim of defendant Mitsubishi Mo *408 tors Credit of America, Inc. (hereinafter MMCA). Defendant MMCA moves for summary judgment dismissing the complaint insofar as asserted against it. Plaintiff cross-moves for partial summary judgment on the issue of liability over and against all defendants. Defendant John Sipp cross-moves for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Defendant MMCA moves, and defendants John McGee and John Sipp cross-move, for leave to amend their answer. Defendant MMCA cross-moves to lift the stay of disclosure pursuant .to CPLR 3212 (f) and 3214 (b).
This action arises out of an automobile accident which occurred on October 6, 1996 on Route 81, near the intersection of Lee Road in the Town of Durham, in Greene County, New York, at approximately 5:40 p.m. At the time of the accident, defendant McGee operated the vehicle, a 1995 Mitsubishi Eclipse, while plaintiff was in the front passenger seat. The accident allegedly occurred when the Eclipse, which had been traveling westbound on Route 81 at an extremely high rate of speed, crossed over the double yellow line into the eastbound lane of traffic and struck a 1990 Ford pickup truck owned and operated by Charles Salisbury, causing plaintiff and defendant McGee to sustain serious injuries. Defendant MMCA leased the vehicle to plaintiff and his father, defendant John Sipp, for a term of 30 months.
Plaintiff and defendant McGee were fellow police officers who had driven to McGee’s father’s country home in Durham on the day of the incident. At his examination before trial, McGee testified that when he and Sipp arrived at the house, he made himself two alcoholic beverages, vodka mixed with 7-Up. He also testified that he prepared one alcoholic beverage for Sipp. After making the drinks, McGee went to the back of the house to do some work while Sipp watched television in the living room. McGee testified that he consumed both of his drinks, but in front of Sipp he consumed less than one drink.
Thereafter, Sipp and McGee left the house to go to the supermarket which was approximately 20 minutes away. Sipp allowed McGee to drive the vehicle to and from the supermarket because he was more familiar with the area than Sipp. The accident occurred when Sipp and McGee were on their way back to the house.
Plaintiff subsequently commenced the instant action alleging that the accident resulted from McGee’s negligence in his operation, management and control of the vehicle. Plaintiff also alleged that defendants Sipp and MMCA are vicariously *409 liable for his injuries pursuant to section 388 of the Vehicle and Traffic Law. The instant motions and cross motions ensued.
Defendant MMCA moves for summary judgment on the ground that plaintiff, a permissive user and co-owner of the vehicle, is not a member of the protected class under section 388 of the Vehicle and Traffic Law. MMCA maintains that injured third-party members of the public, not permissive users and owners, are the only intended beneficiaries of section 388. Plaintiff strongly opposes MMCA’s motion, arguing that injured lessees or owners are within the class of protected persons under section 388.
Section 388 of the Vehicle and Traffic Law extends the liability of owners of motor vehicles well beyond the earlier limitations imposed at common law. (Morris v Snappy Car Rental, 84 NY2d 21, 27; Plath v Justus, 28 NY2d 16, 20.) Section 388 imposes vicarious liability on owners of vehicles for death or injuries to persons or property resulting from negligence of anyone driving the vehicle with the owner’s permission. (Vehicle and Traffic Law § 388 [1]; Fried v Seippel, 80 NY2d 32, 41.) Under the Vehicle and Traffic Law, an “owner” includes a person having title to a vehicle as well as a lessee of a vehicle under a lease for a period greater than 30 days. (Vehicle and Traffic Law § 128; Sullivan v Spandau, 186 AD2d 641, 642; Location Auto Leasing Corp. v Lembo Corp., 62 Misc 2d 856, 859.) The purpose of section 388, along with New York’s mandatory liability insurance provisions, is to ensure access by injured persons to “ ‘a financially responsible insured person against whom to recover for injuries.’ ” (Morris v Snappy Car Rental, supra, 84 NY2d, at 27, quoting Plath v Justus, supra, 28 NY2d, at 20; see also, Argentina v Emery World Wide Delivery Corp., 93 NY2d 554, 562; MVAIC v Continental Natl. Am. Group Co., 35 NY2d 260, 264; Continental Auto Lease Corp. v Campbell, 19 NY2d 350, 352.)
There are no reported cases dealing with whether an injured co-owner of a vehicle is within the class of protected persons under Vehicle and Traffic Law § 388 so as to impose vicarious liability on an absentee co-owner where the injured co-owner allowed another party to drive the vehicle. In analogous cases, however, courts have refused to allow the injured plaintiff to recover. Indeed, it has been noted that section 59 of the Vehicle and Traffic Law, the predecessor to section 388, “was never intended to render the owner of a motor vehicle responsible for the injuries of the owner’s permittee, where the permittee has the car for his own pleasure, takes a guest into the car without *410 the owner’s knowledge, permits the guest to drive, and is injured by the negligent driving of the guest.” (Billy v Zajac, 7 AD2d 729; see also, Parker v Metropolitan Cas. Ins. Co., 20 AD2d 951.)
Courts have also refused to apply section 388 in other instances where such an application would lead to an unjust result. For example, in Mordecai v Hollis (50 Misc 2d 248), the court refused to allow the plaintiff to recover against the owner of an automobile for injuries sustained by her two infant children who were passengers in an automobile negligently operated by plaintiff. The court explained that section 388 “does not give the operator a cause of action against the owner for his, the driver’s, own negligence.” (Mordecai v Hollis, supra, 50 Misc 2d, at 249.) In Maringo v Senior (102 Misc 2d 1011), the court granted summary judgment to defendant, the owner of a motorcycle, where the plaintiff injured himself while operating the motorcycle without the consent of the defendant. The court held that plaintiff could not impute his own potential negligence to the absentee owner. (Maringo v Senior, supra, 102 Misc 2d, at 1013.)
Similarly, an unjust result would occur if this court were to apply section 388 to the matter at hand and find defendants Sipp and MMCA vicariously liable. The injured plaintiff willingly allowed defendant McGee to operate the vehicle and must bear the responsibility for his injuries. The fact that the injured plaintiff was a co-owner of the vehicle does not change this result. Plaintiff was not an innocent party that section 388 of the Vehicle and Traffic Law was designed to protect.
Accordingly, the motion by defendant MMCA for summary judgment is granted. The motion by plaintiff to strike the first and second defenses and counterclaims of MMCA is denied as moot. Plaintiff’s cross motion for summary judgment against defendants Sipp and MMCA is denied. The branch of plaintiff’s cross motion for summary judgment against defendant McGee is denied without prejudice with leave to renew upon McGee’s retention of counsel. Such counsel shall be obtained within 60 days from the date of the order to be entered hereon. The cross motion by defendant Sipp for summary judgment is granted. The motion by defendant MMCA and cross motion by defendant Sipp for leave to amend their answer is denied as moot. The cross motion by MMCA to lift the stay of disclosure is denied as moot.