■ · THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH PIPERSBURG, Appellant. [709 NYS2d 175] —Judgments, Supreme Court, New York County (Renee White, J., at *Wade* hearing; Colleen McMahon, J., at pleas and sentence), rendered August 6, 1997, convicting defendant of attempted robbery in the first degree and criminal sale of a firearm in the third degree, and sentencing him, as a second violent felony offender, to consecutive terms of 8 years and 1½ to 3 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. The hearing court properly found that the showup identification of defendant by an undercover officer four months after his last transaction with defendant was confirmatory. Although the police procedure employed was not of the type contemplated by *People v Wharton* (74 NY2d 921), there was no risk of misidentification because the officer thoroughly familiarized himself with defendant's appearance and came to know him by his first name (*see, People v Prekuli*, 256 AD2d 77, *lv denied* 93 NY2d 877; *People v Harrell*, 208 AD2d 647, *lv denied* 85 NY2d 862). The trained and experienced officer met with defendant and negotiated the purchase of weapons, initially for a period of 20 to 25 minutes and then four days later for another 30 to 35 minutes, under conditions that were conducive to observation. The record fails to support defendant's contention that the People's theory at the suppression hearing and the court's ruling were limited to the assertion that the identification was of the precise type approved in *Wharton*.

We perceive no abuse of sentencing discretion. Concur—Rosenberger, J. P., Nardelli, Ellerin, Andrias and Saxe, JJ.