■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MESSADO, Appellant. [730 NYS2d 245] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered January 22, 1999, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal

brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress identification testimony and, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. The arresting officer was entitled to act on the strength of the radio communication of the undercover officer and assume that it was reliable (*see, People v Boone,* 269 AD2d 459). Moreover, under the "fellow officer rule," the Supreme Court was permitted to impute the undercover officer's knowledge to the arresting officer in determining probable cause (*see, People v Chavez,* 260 AD2d 393). Based on the description of the defendant, his presence in the vicinity of the sale, and the subsequent confirmatory identification by the undercover officer within minutes of the sale, the arresting officer had probable cause to stop and arrest him (*see, People v Landry,* 187 AD2d 732).

The Supreme Court properly denied that branch of the defendant's omnibus motion which was for a *Wade* hearing (*see, United States v Wade,* 388 US 218), as the identification procedure was confirmatory in nature (*see, People v Riley,* 70 NY2d 523; *People v Abrew,* 262 AD2d 417).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). The inconsistencies in the trial testimony of the police officers who participated in the "buy and bust" operation that resulted in the defendant's arrest were minor and were properly placed before the jury for resolution (*see, People v Gaimari,* 176 NY 84).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Altman, J. P., Florio, Schmidt and Cozier, JJ., concur.