■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE QUINONES, Appellant. [738 NYS2d 574] —Judgment, Supreme Court, New York County (Jay Gold, J., at hearing; Felice Shea, J., at jury trial and sentence), rendered April 3, 1998, convicting defendant of criminal sale of a controlled substance in the first degree, and sentencing him, as a second felony offender, to a term of 15 years to life, unanimously affirmed.

The suppression motion was properly denied. The court properly found that the showup identification three weeks after the undercover officer's final meeting with defendant in this ongoing investigation was confirmatory. There was no risk of misidentification since the trained and experienced officer had met with defendant for prolonged periods on three prior occasions and grew familiar with his appearance (*see*, *People v Pipersburg*, 273 AD2d 77, *lv denied* 95 NY2d 892; *People v Prekuli*, 256 AD2d 77, *lv denied* 93 NY2d 877; *People v Reyes*, 256 AD2d 242, *lv denied* 93 NY2d 928). The identification combined features of identifications that are confirmatory because of familiarity between the parties (*see*, *People v Rodriguez*, 79 NY2d 445) and identifications that are confirmatory because they are integral parts of police procedures (*see*, *People v Wharton*, 74 NY2d 921). Furthermore, it was immaterial that another police officer had displayed a single photograph of defendant to the undercover officer following the first meeting, since she met with defendant two more times and the photograph would have had no effect on her ultimate identification, made after she had grown familiar with his face. Concur—Williams, P.J., Tom, Saxe, Rosenberger and Wallach, JJ.