■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN SINGH, Also Known as SEAN WILLIAMS, Appellant. [747 NYS2d 552]

The defendant's contention that the evidence was legally insufficient to establish his guilt of criminal sale of a controlled substance in the third degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Specifically, the defendant was positively identified by the undercover police officer who purchased the drugs which he was convicted of selling. In addition, the undercover officer observed the defendant in the middle of the day at close range just two days prior to the sale. Further, immediately prior to the arrest, the undercover officer observed the defendant getting into the same car that the defendant had driven on the day he sold the drugs to the undercover officer. The undercover

officer's testimony regarding the sale was further corroborated by other members of his field team as well as a police informant.

Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Santucci, J.P., Schmidt, Townes and Cozier, JJ., concur.