■ DAVID M. PERRIN et al., Appellants, v CHASE EQUIPMENT LEASING, INC., et al., Respondents. [780 NYS2d 256]—

Appeals from an order and judgment (one paper) of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered April 10, 2003, in an action to recover damages for personal injuries. The order and judgment, insofar as appealed from, granted in part the motion of defendants Southern Container Corp. and Solvay Paperboard, Inc. for summary judgment dismissing the amended complaint against them, granted the motion of defendants Chase Equipment Leasing, Inc. and T-Line Service, Ltd. for summary judgment dismissing the amended complaint against them and denied the cross motion of plaintiff David M. Perrin for leave to amend the bill of particulars and to compel insurance disclosure.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously modified on the law by denying in part the motion of defendants Chase Equipment Leasing, Inc. and T-Line Service, Ltd., reinstating the first and third causes of action against them, and granting the cross motion in its entirety and as modified the order and judgment is affirmed without costs, and defendants Chase Equipment Leasing, Inc. and T-Line Service, Ltd. are directed to provide in-

surance disclosure within 10 days of service of a copy of the order of this Court with notice of entry.

Memorandum: Plaintiffs commenced this action seeking to recover damages for injuries sustained by David M. Perrin (plaintiff) when the tractor trailer he was operating rolled over as he drove around the curve of an exit ramp. The tractor was owned by defendant Chase Equipment Leasing, Inc. (Chase), and the trailer was owned by defendant T-Line Service, Ltd. (T-Line). Employees of defendant Solvay Paperboard, Inc. (Solvay), a division of defendant Southern Container Corp. (Southern), had loaded the trailer with seven large rolls of paper. Defendants moved for summary judgment dismissing the amended complaint and plaintiff, whose action has been severed from that of his ex-wife, plaintiff Barbara L. Perrin, cross-moved, inter alia, for leave to amend the bill of particulars. Supreme Court dismissed the amended complaint in its entirety against Chase and T-Line and dismissed the second cause of action for negligence based on a theory of res ipsa loquitur against Southern and Solvay. Dismissal of that cause of action against all defendants was proper. Defendants established that such theory of negligence was inapplicable because the trailer and its contents were not in their exclusive possession and it was equally probable that plaintiff's own voluntary action may have caused or contributed to the accident (*see generally Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226-228 [1986]; *DeSimone v Inserra Supermarkets*, 207 AD2d 615, 616 [1994]).

We conclude, however, that the court erred in dismissing the first cause of action for negligence, and therefore the third cause of action, for loss of consortium, against Chase and T-Line. The first cause of action, as amplified by the bill of particulars, alleges that those defendants are vicariously liable under Vehicle and Traffic Law § 388. We note, however, that plaintiffs do not specify the party or parties for whose acts those defendants could be vicariously liable. While the owner or lessee of the vehicle is not vicariously liable to the operator of a motor vehicle for the operator's own negligence (*see Mordecai v Hollis*, 50 Misc 2d 248, 249 [1966]; *see also Sipp v McGee*, 183 Misc 2d 407, 410 [2000]; *Maringo v Senior*, 102 Misc 2d 1011, 1013 [1980]), the statute does not preclude an operator from attempting to impose vicarious liability on the owner for the negligence of other permissive users of that vehicle (*compare Hassan v Montuori*, 99 NY2d 348, 353 [2003]). Solvay's employees were using or operating the vehicle when they loaded it (*see Argentina v Emery World Wide Delivery Corp.*, 93 NY2d 554, 559-560 [1999]) and there is no dispute that they were doing so with the

permission of Chase and T-Line. If plaintiff was injured because those employees were negligent in their use of the vehicle, then Chase and T-Line may be vicariously liable based on the actions of Southern and Solvay. Because neither Chase and T-Line nor Solvay and Southern established as a matter of law that Solvay's employees were not negligent in their use of the tractor trailer, the court erred in granting that part of the motion of Chase and T-Line for summary judgment dismissing the first and third causes of action against them. In view of our determination, we further conclude that the court erred in denying that part of plaintiff's cross motion seeking to compel insurance disclosure with respect to Chase and T-Line, inasmuch as the court granted that relief with respect to Solvay and Southern. It should also have granted that part of plaintiff's cross motion seeking leave to amend the bill of particulars. Although the order and judgment is silent on that issue, the failure to rule is deemed a denial (*see Brown v U.S. Vanadium Corp.,* 198 AD2d 863, 864 [1993]). We therefore modify the order and judgment by denying in part the motion of Chase and T-Line, reinstating the first and third causes of action against them, and granting plaintiff's cross motion in its entirety. We direct Chase and T-Line to provide insurance disclosure within 10 days of service of a copy of the order of this Court with notice of entry. Present—Green, J.P., Pine, Scudder, Martoche and Hayes, JJ.