THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN ANDREWS, Appellant. [818 NYS2d 110]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Adler, J.), rendered October 23, 2003, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Zambelli, J.), without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court's pre-voir dire instructions to prospective jurors, which included, inter alia, a description of the elements of the crimes with which the defendant was charged, did not constitute reversible error under the circumstances presented here (*see People v Harper,* 32 AD3d 16 [2006] [decided herewith]).

The County Court properly denied, without a pretrial *Wade* hearing (*see United States v Wade,* 388 US 218 [1967]), that branch of the defendant's omnibus motion which was to suppress the identification testimony of the undercover officer who purchased cocaine from him on two separate occasions. The undercover officer's photographic identification of the defendant, made shortly after the second transaction, was merely confirmatory (*see People v Wharton,* 74 NY2d 921 [1989]; *People v Polk,* 284 AD2d 416 [2001]).

Moreover, contrary to the defendant's contention raised in his supplemental brief, the admission of testimony regarding the undercover officer's photographic identification of the defendant was not error. The defendant opened the door to such testimony through his cross-examination of the undercover officer (*see People v Massie,* 2 NY3d 179 [2004]; *People v Johnson,* 224 AD2d 635 [1996]). Thereafter, the defendant moved to admit the subject photograph into evidence, and failed to object to any further testimony regarding the photograph or its origin.

The County Court's *Sandoval* ruling was a provident exercise of its discretion (*see People v Walker,* 83 NY2d 455 [1994]; *People v Sandoval,* 34 NY2d 371 [1974]; *People v Williams,* 213 AD2d 689 [1995]).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Further, the defendant was not deprived of a fair trial as a result of alleged prosecutorial misconduct (*see People v Trinidad,* 22 AD3d 612 [2005]), and the County Court's *Allen* charge (*see Allen v United States,* 164 US 492 [1896]) was proper (*see People v Auguste,* 294 AD2d 371 [2002]; *People v McRae,* 266 AD2d 241 [1999]).

The defendant's remaining contention is unpreserved for appellate review. Adams, J.P., Ritter, Goldstein and Fisher, JJ., concur.