■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROHAN BENNETT, Appellant. [818 NYS2d 479]—

Appeals by the defendant from two judgments of the County Court, Westchester County (Adler, J.), both rendered December 17, 2001, convicting him of criminal sale of a controlled substance in the third degree (four counts) and criminal possession of a controlled substance in the third degree (four counts), upon a jury verdict, under indictment No. 01-00059, and attempted criminal possession of a controlled substance in the third degree, upon his plea of guilty, under superior court information No. 01-01557, and imposing sentences. The appeal from the judgment rendered under indictment No. 01-00059 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgments are affirmed.

The record of the pretrial *Wade* hearing (*see United States v Wade,* 388 US 218 [1967]) supports the hearing court's determination that the undercover officer's identification of the defendant from a single photograph was merely confirmatory (*see People v Wharton,* 74 NY2d 921, 923 [1989]; *People v Smith,* 293 AD2d 764, 765 [2002]; *People v Polk,* 284 AD2d 416, 417 [2001]; *People v Almonte,* 181 AD2d 736 [1992]).

The defendant received the effective assistance of counsel (*see*

*People v Baldi,* 54 NY2d 137 [1981]). The defendant failed to demonstrate the absence of strategic or other legitimate explanations for her counsel's alleged failures in representation (*see People v Martinez,* 17 AD3d 484, 484-485 [2005]).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Florio, J.P., Krausman, Mastro and Dillon, JJ., concur.