■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO ALLENDE, Appellant. [833 NYS2d 50]—

Judgment, Supreme Court, New York County (Micki A. Scherer, J., on motion to dismiss; Ronald A. Zweibel, J., at jury trial and sentence), rendered May 21, 2004, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 7 to 14 years, unanimously affirmed.

The court properly denied defendant's motion to dismiss the indictment since this was not the "rare" case where any alleged errors in the grand jury presentation rose to the level of impairing the integrity of the proceeding and creating a risk of prejudice (*see People v Huston*, 88 NY2d 400 [1996]; *see also People v Karp*, 76 NY2d 1006 [1990]).

After the People's cross-examination of defendant had raised an issue about his failure to bring to court certain documents, and after defendant produced such documents the next day, the court improvidently exercised its discretion when it precluded defendant from being recalled as a witness, and declined to adopt any of the alternatives suggested by defense counsel to deal with the issue. Although the documents did not go directly to defendant's guilt or innocence, the collateral issue rule does not bar a party who makes apparent admissions on cross-examination from explaining them (*see People v Catalanotte*, 36 NY2d 192, 195 [1975]). However, we find the error to be harmless under the standards for both constitutional and nonconstitutional error (*see id.*; *see also People v Crimmins*, 36 NY2d 230 [1975]).

The court properly exercised its discretion in placing reasonable limits on defendant's cross-examination of the undercover officer concerning police practices. The minor limitations imposed by the court precluded repetitive inquiries into possible police actions in hypothetical situations. Defendant received wide latitude to explore the matters about which the officer had provided expert testimony and to explore his actions in this specific case. Defendant was not deprived of his right to cross-examine witnesses and present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

The court also properly exercised its discretion in receiving in evidence the bags of heroin that the codefendant threw to the ground as the police approached. Although only the codefendant, who pleaded guilty before defendant's trial, had been charged with possessing those drugs, this evidence was relevant to complete the narrative and explain a statement defendant made to the police about the drugs, while at the same time car-

rying little potential for prejudice (*see e.g. People v Wright*, 35 AD3d 172, 173 [2006]).

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Friedman, Buckley, Sweeny and Catterson, JJ.