■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS DE LA CRUZ, Appellant. [843 NYS2d 45]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., at hearing; Ronald A. Zweibel, J., at jury trial and sentence), rendered January 17, 2001, as amended April 15, 2005, convicting defendant of criminal sale of a controlled substance in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of 12 years and 6 years to life, respectively, unanimously affirmed.

The court properly denied defendant's suppression motion. The showup identification by an experienced undercover officer, who had familiarized himself with defendant's appearance over the course of an investigation, was not unduly suggestive even though it occurred nearly three months after the last drug transaction between them (see People v Quinones, 292 AD2d 239 [2002], lv denied 98 NY2d 701 [2002]; People v Pipersburg, 273 AD2d 77 [2000], lv denied 95 NY2d 892 [2000]). The officer had observed defendant at close range in good lighting for prolonged periods, had conversed with him, and knew him by his street name.

Giving deference to the trial court's ability to observe demeanor, we conclude that it properly granted the prosecutor's challenge for cause to a prospective juror, since the panelist lacked the ability to evaluate police testimony fairly and impartially. Although the prospective juror stated that he could be fair, his assurances were invariably qualified by references to his predispositions; under the circumstances, it was best to disqualify him (see People v Oliveri, 29 AD3d 330, 331 [2006], lv denied 7 NY3d 792 [2006]).

Evidence of an uncharged crime evidence was properly admitted to explain how the undercover officer knew to page defendant for a later drug transaction and to assist the jury in understanding the relationship between defendant, who was charged with acting in concert, and his accomplices (see People v Allende, 38 AD3d 470, 471-472 [2007], lv denied 9 NY3d 839 [2007]; People v Alicea, 33 AD3d 326, 327 [2006], lv denied 7 NY3d 923 [2006]). Defendant's claim with regard to the court's failure to give a promised limiting instruction is unpreserved

and we decline to review it in the interest of justice (see *People v Baro*, 236 AD2d 307 [1997], *lv denied* 89 NY2d 1032 [1997]). Concur—Mazzarelli, J.P., Saxe, Sullivan, Catterson and Kavanagh, JJ.