■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS JAMES, Appellant. [852 NYS2d 332]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered June 2, 2005, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The record of the pretrial *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]) supports the hearing court's determination that the undercover officer's identification of the defendant from a single photograph was merely confirmatory (*see People v Wharton*, 74 NY2d 921, 923 [1989]; *People v Bennett*, 31 AD3d 780 [2006]; *People v Andrews*, 30 AD3d 434 [2006]; *People v Smith*, 293 AD2d 764 [2002]).

Moreover, the Supreme Court properly admitted testimony at trial regarding the undercover officer's photographic identification. The defendant opened the door to such testimony through his cross-examination of the undercover officer (*see People v Andrews*, 30 AD3d at 435; *People v Johnson*, 224 AD2d 635, 636-637 [1996]). Thereafter, the defendant moved to admit the photograph into evidence, and failed to object to any further testimony regarding the photograph or its origin. Under these circumstances, the testimony as to the photographic identification was properly admitted (*see People v Andrews*, 30 AD3d at 435; *People v Johnson*, 224 AD2d at 637).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Singh*, 297 AD2d 760 [2002]; *People v Chavez*, 260 AD2d 393 [1999]; *see also People v Gadson*, 236 AD2d 421 [1997]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Spolzino, J.P., Miller, Dillon and McCarthy, JJ., concur.