■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE ENRIQUE NIETO PALOMINO, Appellant. [19 NYS3d 899]— Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered May 3, 2010, convicting him of criminal sale of a controlled substance in the first degree (three counts), criminal sale of a controlled substance in the second degree, criminal sale of a controlled

substance in or near school grounds (four counts), and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Demakos, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence of identification was legally insufficient to support his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's identity as the seller of drugs to the undercover officer on four separate occasions beyond a reasonable doubt (*see People v Wright*, 292 AD2d 638, 639 [2002]; *People v Polk*, 284 AD2d 416, 416 [2001]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The record of the pretrial *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]) supports the hearing court's determination that the showup identification by an experienced undercover officer, who had familiarized himself with the defendant's appearance over the course of the investigation, was merely confirmatory (*see People v Wharton*, 74 NY2d 921, 922-923 [1989]; *People v James*, 48 AD3d 698 [2008]; *People v De La Cruz*, 44 AD3d 346, 347 [2007]; *People v Bennett*, 31 AD3d 780, 780 [2006]; *People v Quinones*, 292 AD2d 239 [2002]; *People v Pipersburg*, 273 AD2d 77 [2000]). Mastro, J.P., Leventhal, Roman and Barros, JJ., concur.