Shepard v Power (2020 NY Slip Op 06568)





Shepard v Power


2020 NY Slip Op 06568


Decided on November 12, 2020


Appellate Division, Second Department


Chambers, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-06888
 (Index No. 8226/16)

[*1]Maria Shepard, etc., respondent,
v
Michael Power, appellant.



APPEAL by the defendant, in an action, inter alia, to recover damages for wrongful death, from an order of the Supreme Court (Peter H. Mayer, J.), dated April 3, 2018, and entered in Suffolk County. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action.



Cuomo, LLC, Mineola, NY (Matthew A. Cuomo of counsel), for appellant.
Reiner, Slaughter, McCartney & Frankel, LLP, Rye, NY (Christopher J. Daniel and Maria Shepard of counsel), for respondent.



CHAMBERS, J.


OPINION & ORDER
The narrow legal issue presented on this appeal is whether the estate of a driver who suffered fatal injuries in a single-vehicle accident can recover damages against the vehicle's owner pursuant to Vehicle and Traffic Law § 388(1), based on the theory that the owner of the vehicle is vicariously liable for any injuries caused by the driver's negligence. Surprisingly, there is virtually no appellate case law on this issue (see Heins v Vanbourgondien, 180 AD3d 1019, 1024; Perrin v Chase Equip. Leasing, Inc., 9 AD3d 839, 840 [in dictum]).
On August 29, 2014, the plaintiff's decedent was killed when he lost control of the vehicle he was operating and struck a guardrail. The vehicle was owned by the defendant, who had granted the decedent permission to drive it. The plaintiff, both individually and as administrator of the decedent's estate, commenced this action against the defendant, asserting various causes of action, including vicarious liability predicated on Vehicle and Traffic Law § 388 (hereinafter the third cause of action).
Insofar as relevant to this appeal, the defendant moved pursuant to CPLR 3211(a)(7) to dismiss the third cause of action. The Supreme Court denied that branch of the defendant's motion. The defendant appeals, and we reverse insofar as appealed from.
Vehicle and Traffic Law § 388(1) provides that "[e]very owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner." The predecessor of this provision—section 282-e of the Highway Law, which was enacted in 1924 (see Plath v Justus, 28 NY2d 16, 20)—was intended to alleviate the harshness of the common law rule whereby the owner of a vehicle who merely permitted another to drive it could not be held liable for the driver's negligence unless the driver was the owner's employee or agent and was using the vehicle as part of the owner's business (see Fluegel v Coudert, 244 NY 393; Potts v Pardee, 220 NY 431). Thus, the purpose of the new legislation was to ensure that persons injured by a negligent driver had access to "a financially responsible insured person against whom to recover [*2]for injuries" (Plath v Justus, 28 NY2d at 20). In other words, while the driver's own negligence remained grounded in common law, the new statute simply made owners vicariously liable for injuries caused by the driver's negligence, so long as the driver was operating the vehicle with the owner's express or implied permission (see id. at 20). The Legislature "did not otherwise change any of the rules of liability," and "may not be presumed to make any innovation upon the common law further than is required by the mischief to be remedied" (Psota v Long Is. R.R. Co., 246 NY 388, 393).
In light of the history and purpose of Vehicle and Traffic Law § 388, we hold that the statute does not permit a negligent driver (or, in this case, the driver's estate) to recover damages against the owner for injuries resulting from the driver's own negligence (see Heins v Vanbourgondien, 180 AD3d at 1124; Perrin v Chase Equip. Leasing, Inc., 9 AD3d at 840; Maringo v Senior, 102 Misc 2d 1011 [Sup Ct, Queens County]; Mordecai v Hollis, 50 Misc 2d 248, 249 [Sup Ct, Queens County]). Accordingly, the order is reversed insofar as appealed from, and that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action is granted.
DILLON, J.P., COHEN and DUFFY, JJ., concur.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action is granted.
ENTER:
Aprilanne Agostino
Clerk of the Court