People v Mitchell (2021 NY Slip Op 05093)





People v Mitchell


2021 NY Slip Op 05093


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Acosta, P.J., Singh, Kennedy, Mendez, Higgitt, JJ. 


Ind No. 4904/13 Appeal No. 14219 Case No. 2019-361 

[*1]The People of the State of New York, Respondent,
v
Dwayne Mitchell, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Adam Murphy of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Claire E. Lynch of counsel), for respondent.



Judgment, Supreme Court, New York County (Maxwell Wiley, J. at dismissal motion; Ruth Pickholz, J. at plea and sentencing), rendered April 18, 2017, as amended May 10, 2017, convicting defendant of criminal sale of a controlled substance in the first degree and conspiracy in the second degree, and sentencing him to an aggregate term
of eight years, unanimously affirmed.
The court properly denied defendant's motion to dismiss the indictment on the ground that the integrity of the grand jury was allegedly impaired by materially false testimony by an undercover officer. There was no violation of defendant's constitutional rights or his statutory right under CPL 210.35(5). "[T]his was not the rare case where any alleged errors in the grand jury presentation rose to the level of impairing the integrity of the proceeding and creating a risk of prejudice" (People v Allende, 38 AD3d 470, 471 [1st Dept 2007], lv denied 9 AD3d 839 [2007]). In an extensive grand jury presentation that amply demonstrated defendant's guilt of multiple offenses, there were two isolated items of testimony that later proved to be incorrect. Defendant has not shown that the testimony at issue was intentionally false rather than mistaken. Moreover, the prosecutor disclosed the two errors to the defense upon learning of their existence (compare People v Pelchat, 62 NY2d 97 [1984]). In any event, the exceptional remedy of dismissal was not warranted (see generally People v Huston, 88 NY2d 400, 409 [1996]). Furthermore, there was no factual dispute, necessary to the determination of the motion, that would require a hearing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021