People v Fernandez (2022 NY Slip Op 50010(U))

[*1]

People v Fernandez (Ruben)

2022 NY Slip Op 50010(U) [73 Misc 3d 148(A)]

Decided on January 10, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

As corrected in part through January 13, 2022; it
will not be published in the printed Official Reports.

Decided on January 10, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., McShan, Silvera, JJ.

570313/18

The People of the State of New York,
Respondent,
against
Ruben Fernandez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Heidi C. Cesare, J.), rendered April 26, 2018, after a jury trial, convicting him of
driving while intoxicated per se and driving while intoxicated, and imposing sentence.

Per Curiam.
Judgment of conviction (Heidi C. Cesare, J.), rendered April 26, 2018, affirmed.
Giving deference to the trial court's ability to observe demeanor, we conclude that it properly
granted the prosecutor's challenge for cause to a prospective juror, since the panelist lacked the
ability to evaluate police testimony fairly and impartially. Although the prospective juror stated
that she could be fair, her assurances were invariably qualified by references to her
predispositions; under the circumstances, it was best to disqualify her (see People v De La
Cruz, 44 AD3d 346, 347 [2007], lv denied 9 NY3d 1005 [2007]; People v
Oliveri, 29 AD3d 330, 331 [2006], lv denied 7 NY3d 792 [2006]). "It is almost
always wise ... to err on the side of disqualification because 'the worst the court will have done in
most cases is to have replaced one impartial juror with another impartial juror'" (People v
Culhane, 33 NY2d 90, 108 n 3 [1973]; see People v Arnold, 96 NY2d 358, 362
[2001]). 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: January 10, 2022