Watkins v New York City Tr. Auth. (2024 NY Slip Op 04161)

Watkins v New York City Tr. Auth.

2024 NY Slip Op 04161

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2023-00298
 (Index No. 515603/20)

[*1]Dorthey Watkins, respondent, 
v
New York City Transit Authority, et al., defendants, Curb Mobility, LLC, appellant.

Shanker Law Firm, P.C., New York, NY (Steven J. Shanker of counsel), for appellant.
Abaev Law Firm, PLLC, Forest Hills, NY (Nissim Abaev of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Curb Mobility, LLC, appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated November 21, 2022. The order, insofar as appealed from, denied that branch of the motion of the defendants New York City Transit Authority and Curb Mobility, LLC, which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging common-law negligence insofar as asserted against the defendant Curb Mobility, LLC.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Curb Mobility, LLC (hereinafter Curb), and the defendant New York City Transit Authority (hereinafter NYCTA), among others, to recover damages for injuries that she allegedly sustained as a passenger in an automobile accident. The complaint alleged, among other things, that the plaintiff was riding in a vehicle owned by Curb and operated by its employee within the scope of his employment and that the employee was negligent in his operation of the vehicle.
Curb and NYCTA moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging common-law negligence insofar as asserted against Curb, arguing that the complaint failed to include factual allegations by which Curb could be found to have owed a duty of care to the plaintiff or that such duty was breached. In the order appealed from, the Supreme Court, among other things, denied that branch of those defendants' motion. Curb appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must liberally construe the complaint, accept all facts as alleged therein to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see id. § 3026; Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414; Leon v Martinez, 84 NY2d 83, 87-88). Here, contrary to Curb's contention, the allegations in the complaint, viewed in the light most favorable to the plaintiff, sufficiently alleged a cognizable theory of liability to recover damages for common-law negligence against Curb (see generally Shepard v Power, 190 AD3d 63, 64-65; Kelly v Starr, [*2]181 AD3d 799, 801). Accordingly, the Supreme Court properly denied that branch of the motion of Curb and NYCTA which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging common-law negligence insofar as asserted against Curb.
The contentions raised in Points III and IV of Curb's brief are improperly raised for the first time on appeal. The parties' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., BRATHWAITE NELSON, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court