■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY COLEMAN, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered November 17, 1983, convicting him of attempted murder in the second degree, robbery in the first degree (two counts), robbery in the second degree, criminal use of a firearm in the first degree (two counts), criminal use of a firearm in the second degree (two counts), criminal possession of a weapon in the second degree, assault in the second degree (two counts), grand larceny in the third degree, and criminal possession of a weapon in the third degree (four counts), upon his plea of guilty, and imposing sentence.

Judgment affirmed.

Defendant was properly advised of and understood his *Miranda* rights; an attorney's presence was not required for his waiver of these rights since the waiver was made prior to formal arraignment *(People v Settles,* 46 NY2d 154, 165). Even were the issuance of a search warrant after arrest to constitute activity "sufficiently 'judicial' in nature" to trigger the critical stage right to counsel *(People v Sugden,* 35 NY2d 453, 461), such right, prior to arraignment, is not indelible *(People v Coleman,* 43 NY2d 222, 226). Further, the delay between defendant's arrest and arraignment was not intended to allow time to coerce a confession from defendant *(see, People v Lockwood,* 44 NY2d 769), but, rather, was the normal result of a weekend arrest; thus his indelible right to counsel did not attach until his arraignment. Since defendant voluntarily waived his rights prior to that time, his statements made immediately after the waiver were properly held admissible.

Defendant's contention that the photo array shown to the victim was improper is without merit. He argues only that certain of the eight photos do not exactly meet the victim's rather general description. Defendant's photo was in no way

highlighted by the array, nor was it the only one similar to the original description. The record reveals no evidence that the array displayed defendant's photo in an unduly suggestive manner. Gibbons, J. P., Bracken, Kunzeman and Kooper, JJ., concur.