■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY REID, Appellant.—Appeals by the defendant from two judgments of the Supreme Court, Kings County (Douglass, J.), both rendered June 3, 1983, convicting him of manslaughter in the first degree and criminal possession of a weapon in the fourth degree under indictment No. 3958/81, and of criminal possession of a weapon in the third degree under indictment No. 1240/82, upon his pleas of guilty, and imposing sentences. The appeal under indictment No. 3958/81 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was for the suppression of identification testimony.

Ordered that the judgments are affirmed.

During the course of a *Wade* hearing, the defendant requested an adjournment so that he could obtain street clothes in order to avoid being seen by the jury panel which was to be brought in upon completion of the hearing in prison garb which consisted of a white shirt and State-issued pants. The Judge denied the request for an adjournment but informed the defendant that he would permit him to change into street clothing the following morning in his cell. That branch of the defendant's omnibus motion which was to suppress identification testimony was denied. The following day, the defendant pleaded guilty and was promised sentences which were less than the maximum permissible sentences, with those sentences to run consecutively to the sentence the defendant was then serving on an unrelated case.

Since the defense counsel did not indicate his reasons for not calling the witnesses who identified the defendant from a photographic array and subsequently at a lineup procedure at the *Wade* hearing, the issue of ineffective assistance of counsel cannot be addressed on a direct appeal because it involves matters dehors the record *(see, People v Brown,* 45 NY2d 852; *People v Ogelsby,* 128 AD2d 556, *lv denied* 69 NY2d 1007; *People v Rodriguez,* 123 AD2d 405, *lv denied* 69 NY2d 832). We note that there is no automatic rule which requires that a complaining witness testify at a *Wade* hearing *(People v Brown,* 111 AD2d 928; *People v Ward,* 95 AD2d 233).

Moreover, the record supports the Supreme Court's determination that the identification procedures conducted herein

were nonsuggestive. The photographic array contained six photographs of men of similar characteristics to the defendant. There has been no contention that the defendant's photograph was distinctive or that it was highlighted in any way *(see, People v Whitaker,* 126 AD2d 688, *lv denied* 69 NY2d 1011; *People v Coleman,* 115 AD2d 488; *People v Rolston,* 109 AD2d 854). We further find that under the totality of the circumstances, the lineups conducted were not unduly suggestive or conducive to irreparable mistaken identification *(see, Stovall v Denno,* 388 US 293; *People v Rodriguez,* 124 AD2d 611). The defendant was represented by counsel at the lineups who, following compliance with his request for certain changes, stated that he had no further objections *(see, People v Kreutz,* 110 AD2d 912).

Although a court should not compel a defendant to stand trial before a jury while dressed in identifiable prison garb *(Estelle v Williams,* 425 US 501, *reh denied* 426 US 954, *on remand* 537 F2d 856), the defendant in the instant case was dressed in a white shirt and State-issued pants. There is nothing in the record to indicate that the clothing bore the markings of "prison garb" *(cf., People v Roman,* 35 NY2d 978, 979). Moreover, the trial court took steps on its own initiative to assure that the defendant's request would be complied with at a time which would not unduly delay the proceedings. The defendant knew that jury selection would commence at the close of the *Wade* hearing and could have made arrangements to obtain the clothing at a time which would not have disrupted the proceedings already in progress *(cf., People v Roman, supra).*

Finally, we find no basis for concluding that the sentence imposed, which was the product of a negotiated plea, warrants modification in the interest of justice *(see, People v Shelton,* 110 AD2d 789; *People v Ramos,* 109 AD2d 898; *People v Kazepis,* 101 AD2d 816; *People v Suitte,* 90 AD2d 80). Nor was it improper for Criminal Term to provide that the sentences on the instant indictments were to be served consecutively to a sentence the defendant was already serving *(see, People v Walsh,* 44 NY2d 631; *People v Singletary,* 116 AD2d 604, *lv denied* 67 NY2d 951). Thompson, J. P., Brown, Lawrence and Weinstein, JJ., concur.