■ The People of the State of New York, Respondent, v Donald Jackson, Appellant.—Judgment unanimously affirmed. Memorandum: On July 26, 1985, the court informed defendant that pretrial hearings were scheduled for July 29, 1985, at 2:00 P.M. The court told defendant, who was on bail, that if defendant did not appear at that time, the hearings would be conducted without him. When defendant failed to appear, the hearings were held in his absence. Under these circumstances, we find that defendant waived his right to be present at the pretrial hearings *(see, People v Parker,* 57 NY2d 136, 141) and the court did not abuse its discretion by conducting the hearings in absentia *(People v Parker, supra,* at 142).

We further find that the police had probable cause to arrest defendant and that the court did not err by refusing to suppress testimony concerning a showup identification made by the complainant close in time and place to the criminal activity *(People v Love,* 57 NY2d 1023; *cf., People v Riley,* 70 NY2d 523, 529). Viewing the circumstances in their totality, we conclude that defendant was provided meaningful representation *(see, People v Rivera,* 71 NY2d 705; *People v Baldi,* 54 NY2d 137). (Appeal from judgment of Monroe County Court, Wisner, J.—robbery, first degree; grand larceny, third

degree.) Present—Dillon, P. J., Callahan, Doerr, Green and Davis, JJ.