■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ODELL RICE, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: The only issue of merit on this appeal is defendant's claim that he was improperly tried in absentia. Defendant was present for the first two days of his jury trial. At the close of the second day, the trial was adjourned for several days to accommodate the schedule of the People's physician witness. On the adjourned date, the defendant did not appear as scheduled, and the court and counsel had the following exchange:

"THE COURT: You do have a witness?

"MR. QUINN [prosecutor]: We do.

"THE COURT: Prepared to go forward? Want to waive your client's appearance for the purposes of this particular testimony?

"MR. MARONEY [defense counsel]: Yes, your Honor. I'd waive the presence of Odell Rice during the testimony of Dr. Naumann.

"Odell was advised last week on Wednesday, the Court will start at nine o'clock. Possibly he misunderstood because that's a different starting time than the other days.

"THE COURT: Okay."

The trial proceeded, and the record indicates that defendant entered the courtroom during the direct examination of the physician. After the close of proof, the court inquired of defendant whether he had "[a]ny trouble getting out of bed this morning?" Defendant replied "No. We ain't got no car. My girl is here. I had to get her. We had car trouble." Nothing further appears in the record regarding defendant's absence.

"A defendant's right to be present at a criminal trial is encompassed within the confrontation clauses of the State and Federal Constitutions (NY Const, art I, § 6; US Const, 6th Amdt) and the Criminal Procedure Law (CPL 260.20, 340.50)" (People v Parker, 57 NY2d 136, 139). While that right may,

under certain circumstances, be waived *(People v Parker, supra)* or forfeited *(People v Sanchez,* 65 NY2d 436), neither waiver nor forfeiture is demonstrated in this case, and a reversal is mandated. Defendant was never informed "of the nature of the right to be present at trial and the consequences of failing to appear for trial" *(People v Parker, supra,* at 141), and on this record it cannot be said that his failure to appear was deliberate and in "defiance of the processes of law" *(People v Sanchez, supra,* at 444). (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—assault, second degree.) Present—Dillon, P. J., Green, Pine, Lawton and Davis, JJ.