■ The People of the State of New York, Respondent, v Benjamin James Law, Appellant. [604 NYS2d 425] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was convicted of criminal sale of a controlled substance in the third degree for selling heroin to an undercover police officer and a paid police informant. Defendant was present each day of his four-day trial, including the morning of March 26, 1981, when the jury was instructed on the law. Before the noontime recess, the court instructed all parties to return at 1:40 P.M. Defendant failed to appear as instructed.

In the presence of counsel, the court stated for the record that:

"I am informed that at approximately ten minutes to two a call was received at the office of the Monroe County Court Clerk's office and the gentleman on the line identified himself as Benjamin Law and said he had a problem with—a tire problem with his car and that he was on Scio Street and said he was not coming in until somebody came down to repair his tire * * *

"I'm going to inform the jury of that fact and I'm going to proceed with the reading of the testimony which they have requested."

Defendant's attorney objected, indicating that it was an emergency situation and he did not waive defendant's presence. The jury was recalled and informed that: "Mr. Law is not present. We have received a call from him that he had motor trouble and he will be coming in, I don't want you to in any way believe that he has absented himself. He has not. But in the meantime, we are proceeding with the request that you have made. His attorney is here and he is fully represented." Defense counsel again noted his objection and that he was not waiving defendant's presence. The court stated: "His presence is waived as far as the Court is concerned. He waived his own presence, assuming he had a flat tire, information received by the Court. Certainly, he would be able to get here and if he couldn't get here by repairing it, he could get here in any event. We are talking about the City of Rochester, not Florida, first." Defendant was convicted in his absence and the court issued a bench warrant for his arrest.

We agree with defendant's contention that County Court erred in proceeding with the trial in his absence without first determining that defendant's absence was deliberate *(see, People v Rice,* 156 AD2d 925, 926, *lv denied* 75 NY2d 923). When a deliberating jury requests additional instructions, a defendant has an unequivocal right to be present *(see,* CPL 310.30; *People v Mehmedi,* 69 NY2d 759, 760).

A defendant's right to be present may, under certain circumstances, be waived *(People v Parker,* 57 NY2d 136) or forfeited *(People v Sanchez,* 65 NY2d 436). When a defendant deliberately absents himself from the trial, he may be tried in absentia where his failure to appear was deliberate and "his conduct unambiguously indicates a defiance of the processes of law" *(People v Sanchez, supra,* at 444). Before proceeding in defendant's absence, the court should have made inquiry and recited on the record the facts and reasons it relied upon in determining that defendant's absence was deliberate *(see, People v Brooks,* 75 NY2d 898, 899, *mot to amend remittitur granted* 76 NY2d 746). None of the other issues raised by defendant on appeal has merit. (Appeal from Judgment of Monroe County Court, Egan, J., sentence; Celli, J., trial— Criminal Sale Controlled Substance, 3rd Degree.) Present— Callahan, J. P., Pine, Balio, Doerr and Boomer, JJ.