◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN K. DUGAN, Appellant. [620 NYS2d 686] —Judgment unanimously reversed on the law and new trial granted. Memorandum: There is no merit to the contentions that defendant's conviction of burglary in the second degree and criminal possession of stolen property in the third degree is based on legally insufficient evidence or is against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495).

We agree with defendant, however, that County Court erred in giving additional instructions to the jury in his absence without first determining that his absence was deliberate (see, People v Law, 198 AD2d 857, 858, lv denied 83 NY2d 807). A defendant has the unequivocal right to be present when a jury is given additional instructions (see, CPL 310.30; People v Mehmedi, 69 NY2d 759, 760, rearg denied 69 NY2d 985). A defendant may forfeit that right when he deliberately absents himself from the courtroom after trial commences (People v

*Sanchez,* 65 NY2d 436, 443-444). Before proceeding with a trial in defendant's absence, the court must inquire into the reasons for that absence, find that the absence was deliberate and place on the record the facts and reasons for its determination *(see, People v Brooks,* 75 NY2d 898, 899, *mot to amend remittitur granted* 76 NY2d 746; *People v Law, supra; People v Amato,* 172 AD2d 545). Because the court failed to inquire adequately into the reasons for defendant's absence and failed to determine that defendant's absence was deliberate, a new trial is required *(see, People v Law, supra; People v Amato, supra).*

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Chautauqua County Court, Himelein, J.—Burglary, 2nd Degree.) Present—Lawton, J. P., Fallon, Wesley, Doerr and Davis, JJ.