THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE QUATTLEBAUM, Appellant. [659 NYS2d 466] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered September 13, 1994, convicting defendant, after jury trial, of two counts of burglary in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 4 to 8 years imprisonment, unanimously affirmed.

Defendant testified at trial, offering an explanation for being at the girls' convent, his place of employment, after hours. Kicked out of the apartment after a spat with his girlfriend, defendant and his brother took the girlfriend's radio and a bag of tapes and batteries, and spent the evening drinking at a jazz club. Defendant then brought his brother to the convent, where he thought they could spend the rest of the night.

An overnight cleaning woman alerted the police after she spotted two strangers in the building and noticed that a staff office had been broken into. After apprehending defendant's brother on a stairway, in possession of a camera, a calculator and some jewelry, the police found defendant hiding in a third-floor closet. Defendant charged from the closet, holding a shopping bag and a cassette radio, with jewelry "hanging out of his pockets," and had to be subdued when he resisted arrest. Later, at the precinct, he threatened to "kill the sister [his supervisor

at the convent] if she doesn't do the right thing" in coming to his defense.

On summation, the prosecutor was permitted, over general objections, to remark about defendant's "nice story after 14 months of preparation"—a story that he had not previously told to the police—that he himself had taken refuge in the closet after hearing a suspicious, loud noise.

A defendant's omission of exculpatory evidence from a statement made to the police is subject to comment at trial for the purpose of impeaching a defendant's credibility upon cross-examination (*People v Savage*, 50 NY2d 673, *cert denied* 449 US 1016), even though of marginal probative value (*People v Conyers*, 52 NY2d 454). Defendant claims he was never questioned about this omission on cross-examination, so the prosecutor's withholding of initial reference to the omission until summation deprived him of an opportunity to explain his silence to the jury (*People v Spinelli*, 214 AD2d 135, *lv dismissed* 87 NY2d 1025).

But the jury *did* hear defendant's explanation that he had tried to tell the police he was an employee authorized to be in the building. (They had, after all, come upon him hiding in a closet in the midst of a burglary.) The jury thus heard the most compelling explanation for defendant's silence, i.e., that the police would not permit him to speak, and when he did, they would not listen. Under these circumstances, if there was technical error in permitting the prosecutor to comment on defendant's failure to offer an explanation for his earlier silence, it was harmless.

The case properly went to the jury on the charge of burglary in the second degree, even though there was no one actually residing in the premises at the time. The determination as to whether a building is indeed a "dwelling" (Penal Law § 140.25 [2])—one which is "usually occupied" by a person lodging there at night (Penal Law § 140.00 [3])—is dependent on several factors, not limited to the frequency of occupancy. The fifth floor "guest" quarters in the convent, where defendant himself had stayed during his employment there, were furnished with beds and equipped with a shower and necessary utilities. Inasmuch as this portion of the premises was structurally adapted for overnight accommodation, and could have been so occupied on the night of the burglary, it met the statutory requirement of being "usually occupied" (*People v Sheirod*, 124 AD2d 14, *lv denied* 70 NY2d 656). Concur—Sullivan, J. P., Rosenberger, Wallach, Nardelli and Williams, JJ.