THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMI AKLEH, Appellant. [747 NYS2d 167]

The verdict was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility (*People v Bleakley*, 69 NY2d 490).

Defendant abandoned his claim that the court should have conducted a hearing on his allegation that the prosecutor intimidated potential defense witnesses, since the court reserved decision on the issue pending receipt of supporting papers, which defendant failed to submit (*see People v Graves*, 85 NY2d 1024, 1027; *People v Cobos*, 57 NY2d 798). Consequently, he failed to develop a proper record for review. On the record before us, we find that the court sufficiently addressed defendant's concerns and was not obligated to conduct a further inquiry under the circumstances.

Defendant's generalized objections, or objections on different grounds from those raised on appeal, failed to preserve his challenges to the prosecutor's summation and his cross-examination of defendant and we decline to review them in the interest of justice. Were we to review these claims, we would find that reversal is not warranted by the cross-examination of defendant (*see People v Overlee*, 236 AD2d 133, 139, *lv denied* 91 NY2d 976), the summation comment on his failure to call a

friend who could have provided material testimony (*see People v Tankleff*, 84 NY2d 992, 994-995), or the summation comment on defendant's omission of his self-defense claim from his statements to the police (*compare People v Quattlebaum*, 241 AD2d 315, *mod* 91 NY2d 744, *with People v Spinelli*, 214 AD2d 135, *lv dismissed* 87 NY2d 1025).

Defendant's challenge to the People's rebuttal testimony is unpreserved because he objected on different grounds from those raised on appeal, and we decline to review it in the interest of justice. Were we to review this claim, we would find that the rebuttal testimony was admissible since it was relevant and tended to disprove the defense case (*see People v Beavers*, 127 AD2d 138, *lv denied* 70 NY2d 642). The court properly exercised its discretion in denying, on grounds of undue delay, defendant's request to call a surrebuttal witness, where this witness was not shown to be critical to defendant's defense.

The court's justification charge, when viewed in its entirety, adequately conveyed the appropriate standard to the jury (*see People v Wesley*, 76 NY2d 555). The court outlined the objective and subjective elements to be considered, and was not obligated to marshal the evidence or go into greater factual detail.

The court properly exercised its discretion in imposing reasonable limits on defendant's introduction of certain reputation evidence with regard to the two victims. The court provided defendant with ample latitude in which to develop this aspect of his justification defense.

The court's rulings on impeachment of both prosecution and defense witnesses by alleged prior inconsistent statements were proper exercises of discretion and correct applications of the principle set forth in *People v Bornholdt* (33 NY2d 75, 88, *cert denied sub nom. Victory v New York*, 416 US 905). In any event, these rulings did not deprive defendant of a fair trial.

We perceive no basis for a reduction of sentence. Concur— Williams, P.J., Tom, Rosenberger and Friedman, JJ.