THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO SOTO, Appellant. [770 NYS2d 220]—

Appeal from a judgment of Supreme Court, Monroe County (Sirkin, J.), entered May 20, 2002, convicting defendant after a jury trial of, inter alia, criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence imposed on reckless endangerment in the first degree and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, for resentencing on count two of the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [2]), reckless endangerment in the first degree (§ 120.25) and criminal mischief in the fourth degree (§ 145.00 [1]). Defendant failed to object to remarks made by the prosecutor during summation, and thus failed to preserve for our review his contention that those remarks deprived him of a fair trial (see CPL 470.05 [2]). In any event, we conclude that, in light of the overwhelming evidence against defendant, which included the testimony of three eyewitnesses who knew defendant and testified that he had a gun and fired it at the van, "the jury would have reached the same result if the conduct had not occurred" (People v Curley, 159 AD2d 969, 970 [1990], lv denied 76 NY2d 733 [1990]; cf. People v Mott, 94 AD2d 415, 419 [1983]).

We further conclude that Supreme Court did not err in charging the jury in defendant's absence. Although charging the jury

is a material stage of trial at which defendant has an "unequivocal right to be present" (*People v Law*, 198 AD2d 857, 858 [1993], *lv denied* 83 NY2d 807 [1994]; *see* CPL 310.30), defendant was advised twice during the proceedings that, if he failed to appear, the trial would continue in his absence. Thus, having been "informed . . . of the nature of the right to be present at trial and the consequences of failing to appear for trial," defendant waived his right to be present during the jury charge (*People v Parker*, 57 NY2d 136, 141 [1982]; *see People v Jackson*, 149 AD2d 969, 969 [1989], *lv denied* 74 NY2d 741 [1989]).

Finally, in light of the fact that defendant is a second felony offender, the sentence of an indeterminate term of imprisonment of 2 to 6 years imposed on the count of reckless endangerment in the first degree is illegal (*see* Penal Law § 70.06 [3] [d]). Thus, we modify the judgment by vacating the sentence imposed on reckless endangerment and remit the matter to Supreme Court, Monroe County, for resentencing on count two of the indictment. Present—Pine, J.P., Wisner, Scudder, Gorski and Lawton, JJ.