■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM OLIVERI, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN OLIVERI, Appellant. [813 NYS2d 435]—

Judgment, Supreme Court, Bronx County (Barbara F. Newman, J.), rendered February 13, 2003, convicting defendant Adam Oliveri, after a jury trial, of manslaughter in the first degree, and sentencing him, as a second felony offender, to a term of 25 years, unanimously affirmed. Judgment, same court and Justice, rendered March 17, 2003, convicting defendant John Oliveri, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 15 years, unanimously affirmed.

The court properly submitted first-degree manslaughter as a

lesser included offense of intentional murder. There was a reasonable view of the evidence that defendants only intended to cause serious physical injury to the victim, given that the shooting occurred during a heated struggle, while the victim was moving and fighting back, and that the victim received a single gunshot wound, under the armpit (*see People v Ford*, 66 NY2d 428, 440-441 [1985]; *People v Gill*, 265 AD2d 201 [1999], *lv denied* 94 NY2d 862 [1999]).

The court properly granted the prosecutor's challenge for cause to a prospective juror who made numerous comments indicating that he was biased against the police and uncertain about whether he could be fair. Although, in his lengthy colloquy with the court and counsel, the panelist repeatedly stated that he thought he could be fair, in almost every instance, he would then qualify such assurance with a reference to his antipolice bias. The court also gave due consideration to the panelist's body language. Where there is any doubt, the court should err on the side of disqualification because "the worst the court will have done in most cases is to have replaced one impartial juror with another impartial juror" (*People v Culhane*, 33 NY2d 90, 108 n 3 [1973]).

The challenged portions of the prosecutor's summation, only some of which were preserved by objection, did not deprive defendants of a fair trial, and the court properly exercised its discretion in denying defendants' mistrial motions (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). The court's curative actions were sufficient to prevent any improprieties in the summation from causing any prejudice.

Defendant John Oliveri's claim that an employee of the prosecutor had an improper conference with a witness during cross-examination is based on factual assertions outside the record, and is thus unreviewable on direct appeal (*see People v Kinchen*, 60 NY2d 772 [1983]). Between the verdict and sentencing, defendant made these allegations by way of an oral motion to set aside the verdict after defense counsel wrote a letter to the judge. However, "[t]he factual assertions concerning this [alleged incident] were outside the record and for that reason could not be considered in a CPL 330.30 (1) motion" (*People v Wolf*, 98 NY2d 105, 119 [2002]). Even if deemed a "de facto CPL 440.10 motion" (*id.*), such a motion would require sworn allegations of fact, and by failing to submit a proper motion, as directed by the court, defendant abandoned this claim (*see People v Akleh*, 297 AD2d 574 [2002], *lv denied* 99 NY2d 579 [2003]). The limited present record fails to support defendant's assertions, without resort to speculation.

Defendant John Oliveri was not "compelled" to appear before the jury in prison clothing. "[A]lthough the State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes, the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation" (*Estelle v Williams*, 425 US 501, 512-513 [1976]). Defendant did not alert the court to the fact that he was wearing orange-colored prison-issue shoes until the end of the first day of trial, after the shoes had already been visible to the jury. Moreover, he never objected on constitutional grounds, never moved for a mistrial and did not request to adjourn the trial until proper shoes could be obtained. He also declined any curative instruction. Accordingly, he waived this issue (*see People v Farless*, 245 AD2d 878 [1997], *lv denied* 91 NY2d 972 [1998]). In any event, the court signed several orders to obtain proper shoes for him, and until that occurred, defendant sat at the end of the defense table where, according to the uncontested observation of the court, the shoes could not be seen (*see People v Kairis*, 4 AD3d 806, 807 [2004], *lv denied* 2 NY3d 763 [2004]). Finally, the record does not establish that the shoes were identifiable as prison-issued (*see People v Reid*, 137 AD2d 844, 845 [1988], *lv denied* 71 NY2d 901 [1988]).

Defendants' assertion that the jury convicted them of manslaughter in the second degree, a charge not submitted to it, instead of manslaughter in the first degree, is refuted by the resettled record. We have considered and rejected defendants' constitutional claims concerning the resettlement procedure (*see People v Alomar*, 93 NY2d 239, 245-248 [1999]). Defendants' various other constitutional arguments are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find them to be without merit.

We perceive no basis for reducing the sentences. Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and Malone, JJ.