■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JOHNSTON, Appellant. [842 NYS2d 837]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered June 23, 2005. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree (two counts), criminal possession of stolen property in the fourth degree, unlawful imprisonment in the second degree, petit larceny and criminal mischief in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, two counts of burglary in the second degree (Penal Law § 140.25 [2]) and one count of unlawful imprisonment in the second degree (§ 135.05), defendant contends that the conviction of burglary and unlawful imprisonment is not supported by legally sufficient evidence. Defendant failed to preserve that contention for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]). Contrary to defendant's further contention, the verdict on the burglary counts is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant failed to preserve for our review his contentions that he was denied a fair trial when he appeared before the jury in prison-issued clothing and when he was required to wear a weighted boot, inasmuch as defendant merely noted his appearance for the record and neither formally objected nor requested any relief (*see* CPL 470.05 [2]; *see also People v Rosado*, 166 AD2d 544, 545 [1990], *lv denied* 77 NY2d 843 [1991]). In any event, defendant's contentions lack merit. There is no evidence in the record that the clothing worn by defendant, although issued by the prison, "bore the markings of 'prison garb' " (*People v Reid*, 137 AD2d 844, 845 [1988], *lv denied* 71 NY2d 901 [1988], quoting *People v Roman*, 35 NY2d 978, 979 [1975]; *see People v Everson*, 262 AD2d 1059 [1999], *lv denied* 94 NY2d 903 [2000]). Nor is there any evidence that the weighted boot was visible to the jury or identifiable as a leg restraint (*see People v Tascarella*, 227 AD2d 888, 888-889 [1996], *lv denied* 89 NY2d 867 [1996]).

Contrary to defendant's further contention, County Court's *Sandoval* ruling was not an abuse of discretion. "The record establishes that the court properly balanced the probative value of the prior convictions against the potential for undue prejudice" (*People v Montgomery*, 288 AD2d 909, 910 [2001], *lv denied* 97 NY2d 685 [2001]; *see People v Williams*, 56 NY2d 236, 238-239 [1982]). We further conclude that defendant was not prejudiced by the admission of his mug shot in evidence inasmuch as the court informed the jury that the mug shot was taken at the time of his arrest for the charges at issue (*see People v Thiessen*, 158 AD2d 737, 740 [1990], *mod on other grounds* 76 NY2d 816 [1990]). Defendant further contends that he was denied a fair trial by prosecutorial misconduct on summation. "[B]y failing to object during the prosecutor's summation, defendant failed to preserve for our review his contention that remarks made during summation constituted prosecutorial misconduct that deprived him of a fair trial" (*People v Smith*, 32 AD3d 1291, 1292 [2006], *lv denied* 8 NY3d 849 [2007]; *see*

CPL 470.05 [2]; *People v Soto*, 2 AD3d 1401 [2003], *lv denied* 1 NY3d 634 [2004]; *People v Jackson*, 291 AD2d 930 [2002], *lv denied* 98 NY2d 677 [2002]). "In any event, the prosecutor's comments were not so egregious as to deny defendant a fair trial" (*People v Crawford*, 299 AD2d 848, 849 [2002], *lv denied* 99 NY2d 581, 653 [2003]; *see People v Chatman*, 281 AD2d 964, 966 [2001], *lv denied* 96 NY2d 899 [2001]).

Contrary to the additional contentions of defendant, he received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and the sentence is not unduly harsh or severe. Finally, we have reviewed the additional contention raised by defendant in his pro se supplemental brief and conclude that it is without merit. Present—Scudder, P.J., Smith, Fahey, Peradotto and Pine, JJ.