THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAA AGINA, Appellant. [903 NYS2d 86]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.) rendered November 21, 2005, convicting him of attempted assault in the first degree, assault in the second degree, and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

According to the testimony of the complainant, who was the defendant's wife, the defendant, in a fit of jealous rage, assaulted her over the course of a 12-hour period.

The defendant's challenge to the legal sufficiency of the evidence with respect to his conviction of attempted assault in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant attempted to seriously and permanently disfigure the complainant (*see* Penal Law §§ 110.00, 120.10 [2]; *cf. People v Whyte*, 47 AD3d 852, 853 [2008]; *People v Rivera*, 268 AD2d 538, 539 [2000]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on this count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Nonetheless, the defendant is entitled to a new trial because the Supreme Court, on the People's case-in-chief, improperly admitted testimony from the defendant's former wife regarding the underlying facts of a prior incident in which the defendant assaulted her.

Evidence of similar uncharged crimes has probative value, but as a general rule is excluded because it may induce a jury to base a finding of guilt on collateral matters or may induce the

jury to convict a defendant because of his past (*see People v Hudy*, 73 NY2d 40, 54 [1988]; *People v Alvino*, 71 NY2d 233, 241 [1987]). If the only purpose is to show bad character or propensity towards crime, it is not admissible "because there is a very real danger that the trier of fact will overestimate its significance" (*People v Hudy*, 73 NY2d at 55; *see People v Vargas*, 88 NY2d 856, 858 [1996]; *People v Alvino*, 71 NY2d at 241). Evidence of prior uncharged crimes may be received, however, if it helps to establish some element of the crime under consideration or if there is a recognized exception to the general rule (*see People v Alvino*, 71 NY2d at 241). Such evidence may be relevant to show intent, motive, knowledge, common scheme or plan, or identity of the defendant, for example (*id.* at 242; *see People v Molineux*, 168 NY 264, 293 [1901]). The proponent of the evidence must "identify some issue, *other than mere criminal propensity,* to which the evidence is relevant" (*People v Hudy*, 73 NY2d at 55). This threshold matter—identification of an issue other than propensity to which the evidence pertains—is a question of law, not discretion (*id.*; *see People v Alvino*, 71 NY2d at 242). Once this threshold showing is made, admissibility turns on the discretionary balancing of the probative value and the need for the evidence against the potential for delay, surprise, and prejudice (*see People v Hudy*, 73 NY2d at 55; *People v Alvino*, 71 NY2d at 242).

Here, the Supreme Court granted the People's application to admit the subject testimony to establish the defendant's identity through a unique modus operandi. The identity exception to the *Molineux* rule "is used in limited circumstances, when the defendant employs some unique, unusual, or distinctive *modus operandi* in an uncharged crime that is relevant to proving his identity as the perpetrator of the crime charged" (*People v Mateo*, 93 NY2d 327, 332 [1999]). " 'Where identity of the defendant has not been conclusively established by other evidence and there is clear and convincing proof that the *modus operandi* is so unique as to make the evidence highly probative, the *Molineux* rule may be invoked' " (*People v Toland*, 284 AD2d 798, 803-804 [2001], quoting *People v Nuness*, 192 AD2d 960, 961 [1993]).

"Whether prior crime evidence is actually being offered to prove propensity alone is often a subtle matter in which semantics sometimes plays an important part" (*People v Hudy*, 73 NY2d at 55). Contrary to the People's contention, the mere fact that the defendant maintained his innocence of the crimes charged did not make identity an issue in this case, where the complainant was the defendant's wife and had testified that the

incident occurred over a 12-hour period (*cf. People v Beam*, 57 NY2d 241, 251 [1982]; *People v Condon*, 26 NY2d 139, 142 [1970]). The only purpose for which the testimony conceivably was admitted was to enhance the credibility of the complainant, which is not one of the recognized exceptions to the *Molineux* rule (*see People v Harris*, 150 AD2d 723, 725 [1989]). Moreover, the prejudice to the defendant resulting from the admission of the prior crime testimony was exacerbated by the prosecutor's summation remarks highlighting the similarities between the two alleged assaults (*see People v Hudy*, 73 NY2d at 56; *People v Harris*, 150 AD2d at 726).

Accordingly, under the particular circumstances of this case, the defendant was deprived of his right to a fair trial as a result of the Supreme Court's improper admission of evidence of a prior crime, and a new trial is necessary.

In light of our determination, the defendant's remaining arguments, including those raised his supplemental pro se brief, have been rendered academic Fisher, J.P., Angiolillo, Leventhal and Lott, JJ., concur.