# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

905
KA 10-02041
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, GREEN, AND GORSKI, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JEFFREY HOUGHTALING, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

MULDOON & GETZ, ROCHESTER (GARY MULDOON OF COUNSEL), FOR
DEFENDANT-APPELLANT.

THOMAS E. MORAN, DISTRICT ATTORNEY, GENESEO (ERIC R. SCHIENER OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Gerard J. Alonzo, Jr., J.), rendered January 27, 2005. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, as a felony, aggravated unlicensed operation of a motor vehicle in the first degree, driving while ability impaired by drugs, as a felony, and criminal possession of a controlled substance in the seventh degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from two judgments convicting him upon a jury verdict of, inter alia, felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [former (ii)]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3]). We agree with defendant that County Court erred in conducting the trial in his absence. Even assuming, arguendo, that the court advised defendant of the scheduled trial date and warned him that the trial would proceed in his absence if he failed to appear (*see generally People v Parker*, 57 NY2d 136, 141), we conclude that the court failed to inquire into defendant's absence and to recite "on the record the facts and reasons it relied upon in determining that defendant's absence was deliberate" (*People v Brooks*, 75 NY2d 898, 899, *mot to amend remittitur granted* 76 NY2d 746; *see People v Dugan*, 210 AD2d 971, 972, *lv denied* 85 NY2d 972). In light of our conclusion that the court's error requires reversal (*see Dugan*, 210 AD2d 971), we need not address defendant's remaining contentions.

Entered: September 30, 2011                      Patricia L. Morgan
                                                 Clerk of the Court