— Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Ayres, J.), rendered October 9, 2009, convicting him of assault in the first degree, burglary in the first degree (6 counts), robbery in the first degree (3 counts), attempted robbery in the first degree (12 counts), robbery in the second degree, criminal possession of a weapon in the second degree (2 counts), attempted robbery in the second degree (4 counts), and criminal possession of a weapon in the third degree (2 counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant was not deprived of his constitutional right to a fair trial by the Supreme Court’s refusal to postpone jury selection until he could obtain clothing more desirable to him. It is clear from the record that the clothing the defendant wore did not bear the markings of prison garb (see People v Roman, 35 NY2d 978, 979 [1975]; People v Johnston, 43 AD3d 1273, 1274 [2007]; People v Oliveri, 29 AD3d 330, 332 [2006]; People v Cornwall, 21A AD2d 744, 745 [2000]; People v Reid, 137 AD2d 844, 845 [1988]).
Although the Supreme Court erred in admitting into evidence a certain statement that the defendant made to a police detective which was not properly the subject of notice pursuant to CPL 710.30 (see People v Lopez, 84 NY2d 425, 428 [1994]), any error in admitting the testimony was harmless, as there was overwhelming evidence of the defendant’s guilt, and no significant probability that the error contributed to his convictions (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 1 NY3d 633 [2006]).
The defendant’s remaining contention is without merit. Dillon, J.P., Florio, Lott and Sgroi, JJ., concur.