■ The People of the State of New York, Respondent, v Sharon Gilbert, Appellant. [979 NYS2d 593]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered February 11, 2010, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing her, as a second felony offender, to an aggregate term of eight years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.

The court properly denied defendant's request for an adverse inference charge regarding a slip of paper that was recovered from her at the time of the arrest but destroyed in accordance with police procedures. Although this document was within the purview of defendant's discovery request, she did not make the necessary showing that the evidence was reasonably likely to be material (*see People v Handy*, 20 NY3d 663, 669 [2013]). Even if the contents of the document were as defendant asserts, the document would have had little probative value in contradicting the victim's testimony or corroborating that of defendant.

The court properly exercised its discretion in permitting the People to introduce rebuttal evidence that responded to evidence introduced by defendant in her testimony. Defendant's only preserved claim regarding this evidence is her claim that the People should have cross-examined her about certain discrepancies between her testimony and her statements to the police, instead of introducing this matter for the first time on rebuttal. In this regard, we find that any error was harmless (*see People v Quattlebaum*, 241 AD2d 315, 316 [1st Dept 1997], *mod on other grounds* 91 NY2d 744 [1998]). Defendant's remaining challenges to rebuttal evidence are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that the rebuttal testimony was

admissible because it was relevant to an issue other than credibility and tended to disprove the defense case (*see People v Beavers*, 127 AD2d 138, 141 [1st Dept 1987], *lv denied* 70 NY2d 642 [1987]). Furthermore, even if the testimony was "not technically of a rebuttal nature," the court had discretion to allow it (CPL 260.30 [7]). Concur—Mazzarelli, J.P., Friedman, Renwick, DeGrasse and Gische, JJ.