# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**47**

**KA 13-01667**

PRESENT: SMITH, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ASHODD J. PARKS, DEFENDANT-APPELLANT.

---

MULDOON, GETZ & RESTON, ROCHESTER (GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered May 20, 2013. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of criminal possession of a controlled substance in the third degree, and as modified the judgment is affirmed and a new trial is granted on that count of the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), criminal possession of a weapon in the second degree (§ 265.03 [3]), criminal possession of a weapon in the third degree (§ 265.02 [1]), and criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]). Contrary to defendant's contention, Supreme Court did not err in conducting a *Huntley* hearing in his absence. The record establishes that defendant had received the requisite warnings pursuant to *People v Parker* (57 NY2d 136, 141), which applies to pretrial hearings as well as trials (*see e.g. People v Jackson*, 149 AD2d 969, 969, *lv denied* 74 NY2d 741, *reconsideration denied* 74 NY2d 897), and had been told that he had a "duty and obligation" to be present at all court appearances and hearings. We thus conclude that defendant waived his right to be present at the *Huntley* hearing (*see People v Bynum*, 125 AD3d 1278, 1278, *lv denied* 26 NY3d 927; *People v Anderson*, 52 AD3d 1320, 1321, *lv denied* 11 NY3d 733).

We agree with defendant, however, that the court erred in denying

his request to charge criminal possession of a controlled substance in the seventh degree (*see* Penal Law § 220.03) as a lesser included offense of criminal possession of a controlled substance in the third degree. We therefore modify the judgment accordingly, and we grant a new trial on the charge of criminal possession of a controlled substance in the third degree. Criminal possession of a controlled substance in the seventh degree is a lesser included offense of criminal possession of a controlled substance in the third degree (*see People v Washington*, 266 AD2d 412, 412, *lv denied* 94 NY2d 886), and there is "a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater" (*People v Van Norstrand*, 85 NY2d 131, 135), i.e., that defendant possessed the cocaine but did not have the intent to sell it (*cf. People v Bond*, 239 AD2d 785, 786, *lv denied* 90 NY2d 891).

Finally, we reject defendant's contention that his sentence is unduly harsh and severe.

Entered:  February 5, 2016                    Frances E. Cafarell
                                              Clerk of the Court