People v Agina (2018 NY Slip Op 05478)





People v Agina


2018 NY Slip Op 05478


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2014-02489
 (Ind. No. 1733/04)

[*1]The People of the State of New York, respondent,
v
Alaa Agina, appellant.


Paul Skip Laisure, New York, NY (Ronald Zapata of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Ellen C. Abbot of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira Margulis, J.), rendered March 6, 2014, convicting him of assault in the second degree and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with attempted assault in the first degree, assault in the second degree, and unlawful imprisonment in the first degree. The defendant's first trial resulted in a conviction on all three counts, but upon appellate review, the conviction was overturned and a new trial was ordered (see People v Agina, 18 NY3d 600; People v Agina, 103 AD3d 739; People v Agina, 74 AD3d 831). This appeal is from a guilty verdict rendered after a retrial.
We agree with the Supreme Court's determination to deny the defendant's request to charge assault in the third degree (see Penal Law § 120.00[1]) as a lesser-included offense of assault in the second degree (see Penal Law § 120.05[2]). Viewing the evidence in the light most favorable to the defendant, there is no reasonable view of the evidence that would support a finding that he assaulted the victim but did not use a deadly weapon or dangerous instrument (see People v Galvin, 65 NY2d 761; People v Rodriguez, 73 AD3d 815, 816; People v Hercules, 47 AD3d 835, 837; People v Smith, 235 AD2d 558, 558-559).
The Supreme Court providently exercised its discretion in denying the defendant's request for an adverse inference charge as a sanction for the People's inability to produce certain microcassette tapes at trial. The prosecutor stated on the record that the original tapes, which were entirely blank, were turned over to the defendant's counsel at the first trial, and no copies were retained. Consequently, the defendant failed to show that the evidence was likely to be material, that the People acted in bad faith, or that he suffered any prejudice from the loss of the tapes warranting the imposition of the requested sanction (see People v Handy, 20 NY3d 663, 669; People v Ignacio, 148 AD3d 824, 825; People v Gilbert, 114 AD3d 474, 474; People v Randolph, 261 AD2d 154, 155).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., ROMAN, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court