People v Jones (2020 NY Slip Op 06028)





People v Jones


2020 NY Slip Op 06028


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Oing, JJ. 


Ind No. 1490/16 1490/16 Appeal No. 12164 Case No. 2018-360 

[*1]The People of the State of New York, Respondent,
v
Reginald Jones, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John L. Palmer of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.



Judgment, Supreme Court, New York County, (Gilbert C. Hong, J.), rendered January 27, 2017, as amended March 1, 2017, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence. Defendant possessed a knife that met the statutory definition of a switchblade, that is, "any knife which has a blade which opens automatically by hand pressure applied to a button, spring or other device in the handle of the knife" (Penal Law § 265.00[4]). The "opens automatically" requirement was satisfied because the blade emerged at the touch of a button, even though the knife needed to be manipulated further to lock the blade in place. Locking in place is not a statutory requirement of subsection (4) of Penal Law § 265.00.
The fact that the knife was disposed of after trial does not prevent effective appellate review (see People v Yavru-Sakuk, 98 NY2d 56, 59-60 [2002]). The testifying officer displayed the knife for the jury, and described in detail its appearance and workings. The officer also testified that defendant told him how to operate the knife, which defendant did not dispute. There appears to be no dispute about the characteristics of the knife, but only as to whether they met the statutory definition. Under the circumstances presented, this Court would not need to examine the knife.
The court properly granted defendant's request to represent himself. The court's extensive colloquy with defendant thoroughly covered all the appropriate matters, including defendant's acknowledgement that he understood the charges, and it established that his waiver of counsel (who remained as a legal advisor) was knowing, intelligent and voluntary (see generally People v Arroyo, 98 NY2d 101 [2002]).
Defendant waived his claim that he was deprived of a fair trial by appearing before the jury in prison clothing, which was described on the record as a tan shirt and pants. Defendant did not call this situation to the court's attention until well after the jury had already seen him in his uniform, and he did not request any remedy and stated that he was "not making it an issue" (see People v Oliveri, 29 AD3d 330 [1st Dept 2006], lv denied, 7 NY3d 2006]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020