People v Mondesir (2021 NY Slip Op 51155(U))

[*1]

People v Mondesir (Ricardo)

2021 NY Slip Op 51155(U) [73 Misc 3d 137(A)]

Decided on November 18, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 18, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2018-2111 N CR

The People of the State of New York,
Respondent,
against
Ricardo Mondesir, Appellant. 

Nassau County Legal Aid Society (Tammy Feman and Dori Cohen of counsel), for appellant.
Nassau County District Attorney (Cristin N. Connell and Sarah S. Rabinowitz of counsel), for
respondent.

Appeal from two judgments of the District Court of Nassau County, First District (Martin J.
Massell, J.), rendered August 13, 2018. The judgments convicted defendant, upon jury verdicts,
of, respectively, driving while intoxicated (per se) and driving while intoxicated (common law),
and imposed sentences. The appeal brings up for review so much of an order of that court
(Anthony W. Paradiso, J.) dated April 2, 2018 as denied the branch of defendant's motion
seeking to suppress evidence.

ORDERED that the judgments of conviction are affirmed.
On the evening of August 28, 2016, defendant, his friend Mr. Williams, and two female
friends or relatives of Mr. Williams were returning from a day trip to the beach in defendant's
Jeep, when one of its wheels suddenly dislocated. A state trooper on patrol pulled up behind the
vehicle, disabled in a driving lane, as defendant and Mr. Williams were attempting to replace the
tire. The trooper spoke with defendant, in whose name the vehicle was registered. Based upon
observations indicating intoxication, the trooper requested that defendant participate in standard
[*2]field sobriety tests (SFSTs). Defendant consented and
exhibited clues of intoxication with each test. Defendant also consented to take a preliminary
breath test (PBT), which indicated that he had drunk alcohol.
The trooper arrested defendant on suspicion of driving while intoxicated. The trooper did not
interview Mr. Williams and the two women, other than to obtain their names, and he did not look
at their identification to verify that information. While handcuffed and inside of the trooper's
vehicle, defendant yelled out to Mr. Williams to tell the trooper that Mr. Williams, not defendant,
had been driving defendant's vehicle. At the police barracks, defendant consented to chemical
testing of his breath, which returned a 0.08% blood alcohol content result. Defendant was
charged in two simplified traffic informations with, respectively, driving while intoxicated (per
se) (Vehicle and Traffic Law § 1192 [2]) and driving while intoxicated (common law)
(Vehicle and Traffic Law § 1192 [3]).
During a suppression hearing, the trooper, the only hearing witness, testified that, prior to his
arrest, defendant admitted repeatedly that he had been driving his vehicle when the emergency
occurred. It was not until after his arrest that defendant yelled out to Mr. Williams to tell the
trooper that Mr. Williams, not defendant, was the driver. In a written order dated April 2, 2018,
the District Court denied the branch of defendant's omnibus motion seeking suppression of the
observation, statement and chemical testing evidence. 
The hearing court properly denied defendant's suppression motion. The trooper's approach of
defendant's disabled vehicle parked in the middle of the road was proper pursuant to his
community caretaking authority that was " 'totally divorced from the detection, investigation, or
acquisition of evidence' of criminal conduct" (People v Hinshaw, 35 NY3d 427, 438
[2020], quoting Cody v Dombrowski, 413 US 433, 441 [1973]). The trooper's credible
hearing testimony about his observations, the clues of intoxication defendant exhibited while
performing each SFST, the positive PBT result for alcohol and defendant's admission to having
driven his own vehicle, taken as a whole, constituted reasonable cause for the trooper's arrest of
defendant for driving while intoxicated (common law). Also, each noticed statement attributed to
defendant—all of which were made prior to the reading of his Miranda
rights—was either made during the course of the trooper's pre-arrest investigation or was
spontaneously made without questioning by the trooper. 
On the first day of trial, during which jury selection took place, defendant was dressed in a
shirt and tie. Prior to the second day of trial, defendant was arrested on charges unrelated to this
case, and he was incarcerated in lieu of bail. Defense counsel brought a shirt and tie to the jail,
but defendant appeared in court for the second day of trial wearing a t-shirt, blue jeans and a
hooded sweatshirt. Defense counsel requested that the trial be adjourned to the next day so that
the jury would not see defendant in less formal clothing. The court commented that defendant
"doesn't look bad" and denied the request. 
Contrary to his contention, "defendant was not deprived of his constitutional right to a fair
trial by the [District] Court's refusal to postpone [the trial] until he could obtain clothing [*3]more desirable to him. It is clear from the record that the clothing []
defendant wore did not bear the markings of prison garb" (People v McFarlane, 96 AD3d 879, 879 [2012]). Defendant's
reliance on Estelle v Williams (425 US 501 [1976]) is misplaced, as that case held that
"an accused who [was] compelled to wear identifiable prison clothing at his trial by a jury is
denied due process or equal protection of the laws" (id. at 502). Here, defendant wore
presentable clothing that, although not formal, was not prison garb.
At the trial, the trooper's testimony was consistent with his hearing testimony. Defendant
testified in his own defense that, contrary to the trooper's testimony, he had told the trooper
multiple times before his arrest that Mr. Williams was the driver. Defendant further testified that
he had had a dislocated thumb which made driving too difficult. He also testified that he had
asked Mr. Williams, whose first name defendant said was Raleigh, to testify on his behalf, but
Mr. Williams refused because he had lied to the trooper and said his first name was Kimron.
Because the two women who were in his vehicle were friends or relatives of Mr. Williams, and
not close friends of defendant, he was also unable to procure their appearance at trial. 
Following deliberations, the jury convicted defendant of both driving while intoxicated
charges. He was subsequently sentenced. 
Evidence adduced at trial is legally sufficient to support a guilty verdict if it is "competent
evidence which, if accepted as true, would establish every element of an offense charged and the
defendant's commission thereof" (CPL 70.10). In other words, trial evidence is legally sufficient
if, when it and all reasonable inferences therefrom are viewed in the light most favorable to the
People (see People v Gordon, 23
NY3d 643, 649 [2014]; People v Contes, 60 NY2d 620, 621 [1983]), " 'any valid line
of reasoning and permissible inferences could lead a rational person to the conclusion reached by
the fact finder' " (People v Dubarry,
25 NY3d 161, 178 [2015], quoting People v Hines, 97 NY2d 56, 62 [2001]). In this
case, the trooper's testimony constituted legally sufficient evidence that defendant operated his
Jeep that evening, which the jury accepted over defendant's counter testimony. Multiple pieces of
trial evidence corroborated defendant's admission to having driven the Jeep, including
defendant's presence near the Jeep, its registration in his name, and the other eyewitnesses'
silence on the issue at the time of defendant's questioning and ultimate arrest by the trooper
(see CPL 60.50; People v Booden, 69 NY2d 185, 187 [1987] [CPL 60.50 "does
not require corroboration of confessions or admissions in every detail, but only 'some proof, of
whatever weight,' that the offense charged has in fact been committed by someone"], quoting
People v Daniels, 37 NY2d 624, 629 [1975]). Moreover, the guilty verdicts were not
against the weight of the evidence.
Accordingly, the judgments of conviction are affirmed.
RUDERMAN, P.J., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 18, 2021