People v Rosser (2022 NY Slip Op 51356(U))

[*1]

People v Rosser (Javell)

2022 NY Slip Op 51356(U) [77 Misc 3d 137(A)]

Decided on December 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JERRY GARGUILO, ELIZABETH
H. EMERSON, JJ

2020-607 D CR

The People of the State of New
York, Respondent,
against
Javell G. Rosser, Appellant. 

Dutchess County Public Defender (Jennifer Burton of counsel), for appellant.
Dutchess County District Attorney (Anna K. Diehn of counsel), for respondent.

Appeal from judgments of the Justice Court of the Town of Wappinger, Dutchess
County (Carl Wolfson, J.), rendered February 6, 2020. The judgments convicted
defendant, upon jury verdicts, of, respectively, driving while intoxicated (per se), driving
while intoxicated (common law), failing to keep right and failing to signal within 100
feet before turning, and imposed sentences. The appeal brings up for review an order of
that court dated September 3, 2019 denying defendant's motion to suppress
evidence.

ORDERED that the judgments of conviction are affirmed.
Defendant was charged in four simplified traffic informations with, respectively,
driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), driving
while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), failing to
keep right (Vehicle and Traffic Law § 1120 [a]), and failing to signal within 100
feet before turning (Vehicle and Traffic Law § 1163 [b]).
Following a Dunaway/Huntley hearing, the Justice Court denied defendant's
motion to suppress statement, physical and observational evidence based on the arresting
deputy's credible, uncontroverted testimony that he observed defendant drive his vehicle
three times over solid double yellow lines into a lane for oncoming traffic, which
constituted probable cause to effect a traffic stop. Further, defendant's pre-arrest
statements to the deputy were "not elicited in [*2]response to custodial interrogation," and, thus, "the hearing
court properly denied suppression" based on any Miranda violation claims
(People v Mills, 231 AD2d 742, 742 [1996]). The deputy's observation of
defendant's erratic driving prior to effecting the traffic stop and his observation of
defendant thereafter (with the odor of an alcoholic beverage on his breath, bloodshot,
watery eyes, droopy eyelids and slurred speech), along with defendant's failure on six
standard field sobriety tests and his positive preliminary field breath test result for the
presence of alcohol in his body, provided the deputy with probable cause to arrest
defendant for driving while intoxicated. Consequently, the Justice Court did not err in
denying defendant's suppression motion (see People v Mondesir, 73 Misc 3d 137[A], 2021 NY Slip
Op 51155 [U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2021]).
Following a jury trial, defendant was convicted of each charged traffic offense, and,
on February 6, 2020, sentence was imposed. Defendant's argument that the trial court
erred by failing to instruct the jury to draw no negative inferences from defendant's
election to not testify is unpreserved, as defendant did not request such an instruction at
any time during the trial, and we decline to address this contention as a matter of
discretion in the interest of justice. Contrary to defendant's further contention, the
verdicts convicting defendant of the two driving while intoxicated charges were not
against the weight of the evidence.
Accordingly, the judgments of conviction are affirmed.
DRISCOLL, J.P., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2022