■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH LEWIS, Appellant. [870 NYS2d 652]—

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, burglary in the third degree (Penal Law § 140.20). Contrary to the contention of defendant, Supreme Court did not abuse its discretion in conducting the trial and in sentencing him in absentia. The record before us establishes that the court provided defendant with the requisite warnings pursuant to *People v Parker* (57 NY2d 136, 141 [1982]), and the court also informed him that the trial would commence on a certain date. Consequently, defendant waived his right to be present at trial and at sentencing by failing to appear at the appointed time or within a reasonable time thereafter (*see People v Jones*, 31 AD3d 1193 [2006], *lv denied* 7 NY3d 868 [2006]; *People v Almonte*, 210 AD2d 911 [1994], *lv denied* 85 NY2d 859 [1995]).

Contrary to the further contention of defendant, the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "Although defendant was tried in absentia and there was no opportunity to conduct an in-court identification, defendant's identity was established by the arresting officer, who testified that the person arrested was the perpetrator" (*People v Ortiz*, 261 AD2d 102, 103 [1999], *lv denied* 93 NY2d 1024 [1999]). Present—Martoche, J.P., Smith, Centra, Green and Pine, JJ.