■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE A. GLENN, Appellant. [901 NYS2d 771]—Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered March 5, 2007. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree (two counts), burglary in the second degree and unlawful imprisonment in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [b]), defendant

contends that the conviction is not supported by legally sufficient evidence. By failing to renew his motion for a trial order of dismissal after presenting evidence, defendant failed to preserve that contention for our review (*see People v Lane*, 7 NY3d 888, 889 [2006]; *People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Although one of the victims was unable to identify defendant, the People presented strong identification testimony from the other victim, and thus it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see People v McQueen*, 170 AD2d 696, 697 [1991], *lv denied* 78 NY2d 924 [1991]; *see generally Bleakley*, 69 NY2d at 495).

Defendant failed to preserve for our review his further contention that several of the prosecutor's comments during summation constituted prosecutorial misconduct inasmuch as he failed to object to those comments (*see People v Smith*, 32 AD3d 1291, 1292 [2006], *lv denied* 8 NY3d 849 [2007]). With respect to an additional comment by the prosecutor on summation concerning "manufactured evidence," defendant contends that County Court's response to his objection was improper. Defendant, however, did not object to that response and thus failed to preserve that contention for our review (*see* CPL 470.05 [2]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, the sentence is not unduly harsh or severe. Present—Martoche, J.P., Centra, Fahey, Peradotto and Pine, JJ.