■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENT ZAFUTO, Appellant. [902 NYS2d 269]—

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered January 22, 2009. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, petit larceny and criminal possession of stolen property in the fifth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]). Contrary to the contention of defendant, County Court did not abuse its discretion in continuing the trial in his absence. The court had given defendant the requisite warnings pursuant to *People v Parker* (57 NY2d 136, 141 [1982]), and he therefore waived his right to be present at trial (*see People v Lewis*, 57 AD3d 1505 [2008], *lv denied* 12

NY3d 785 [2009]). Further, the court made a proper inquiry and placed its reasoning on the record for determining that defendant's absence was deliberate (*cf. People v Law*, 198 AD2d 857, 858 [1993], *lv denied* 83 NY2d 807 [1994]; *see generally People v Brooks*, 75 NY2d 898 [1990], *mot to amend remittitur granted* 76 NY2d 746 [1990]).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "Issues with respect to 'the credibility of prosecution witnesses concerning the voluntariness of the confession were for the jury to decide, and there is no basis in the record to disturb the jury's resolution of those issues' " (*People v Warney*, 299 AD2d 956, 957 [2002], *lv denied* 99 NY2d 633 [2003]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Centra, Carni, Sconiers and Pine, JJ.