# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**32**
**KA 11-01196**
PRESENT: SMITH, J.P., FAHEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RONALD BYNUM, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MISHA A. COULSON OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered May 16, 2011. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree and criminal possession of stolen property in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the second degree (Penal Law § 160.10 [1]) and criminal possession of stolen property in the fifth degree (§ 165.40). Contrary to defendant's contention, Supreme Court did not abuse its discretion in conducting the trial in his absence. The court provided defendant with the requisite warnings pursuant to *People v Parker* (57 NY2d 136, 141) and informed him of the date on which the trial would begin, but defendant "waived his right to be present at trial . . . by failing to appear at the appointed time or within a reasonable time thereafter" (*People v Lewis*, 57 AD3d 1505, 1506, *lv denied* 12 NY3d 785). In addition, "the court made a proper inquiry and placed its reasoning on the record for determining that defendant's absence was deliberate" (*People v Zafuto*, 72 AD3d 1623, 1624, *lv denied* 15 NY3d 758; *see People v Brooks*, 75 NY2d 898, 899).

Defendant contends that the court erred in denying that part of his omnibus motion seeking to suppress showup identification testimony. Even assuming, arguendo, that the court erred in denying that part of the omnibus motion, we conclude that the error is harmless beyond a reasonable doubt (*see People v Wade*, 118 AD3d 1370, 1370-1371, *lv denied* 24 NY3d 965; *People v Rodriguez*, 32 AD3d 1203, 1204, *lv denied* 8 NY3d 849).

Defendant further contends that he was deprived of a fair trial

by prosecutorial misconduct during the prosecutor's opening statement and summation.  Defendant failed to preserve that contention for our review inasmuch as he did not object to the alleged misconduct (*see People v Ward*, 107 AD3d 1605, 1606, *lv denied* 21 NY3d 1078; *People v Glenn*, 72 AD3d 1567, 1568, *lv denied* 15 NY3d 805).  We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *Glenn*, 72 AD3d at 1568).

We reject defendant's contention that he was denied effective assistance of counsel.  Viewing defense counsel's representation as a whole and as of the time of the representation, we conclude that defendant was afforded meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Contrary to defendant's contention, the court's *Sandoval* ruling did not constitute an abuse of discretion (*see People v Sandoval*, 34 NY2d 371, 374).  The court properly permitted questioning concerning defendant's prior convictions of theft, escape, and criminal impersonation inasmuch as those crimes "involved acts of dishonesty and thus were probative with respect to the issue of defendant's credibility" (*People v Salsbery*, 78 AD3d 1624, 1626, *lv denied* 16 NY3d 836; *see People v Stevens*, 109 AD3d 1204, 1205, *lv denied* 23 NY3d 1043).  Finally, the sentence is not unduly harsh or severe.

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court