People v Wolfe (2023 NY Slip Op 03644)

People v Wolfe

2023 NY Slip Op 03644

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND OGDEN, JJ.

527 KA 20-01636

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SERINA A. WOLFE, DEFENDANT-APPELLANT. 

MICHAEL J. PULVER, NORTH SYRACUSE, FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Brian D. Dennis, J.), rendered March 6, 2020. The judgment convicted defendant upon a jury verdict of grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of grand larceny in the fourth degree (Penal Law
§ 155.30 [4]). Contrary to the contention of defendant, County Court did not abuse its discretion in holding a hearing, the trial, and sentencing in her absence. "Before proceeding in [a] defendant's absence, the court should [make an] inquiry and recite[] on the record the facts and reasons it relied upon [to determine whether the] defendant's absence was deliberate" (People v Brooks, 75 NY2d 898, 899 [1990], mot to amend remittitur granted 76 NY2d 746 [1990]). Here, the court provided defendant with the requisite warnings pursuant to People v Parker (57 NY2d 136, 141 [1982]), informed defendant of the hearing and trial dates, and granted several adjournments when defendant repeatedly failed to appear and failed to provide documentation to support her alleged reasons for failing to appear. At each failure of defendant to appear, the court inquired into the reason for defendant's absence and, after five failures to appear, the court determined that it would proceed in her absence due to the fact that she was unable to provide any evidence of a legitimate reason for missing several of those court appearances (see People v Bynum, 125 AD3d 1278, 1278 [4th Dept 2015], lv denied 26 NY3d 927 [2015]; People v Zafuto, 72 AD3d 1623, 1623-1624 [4th Dept 2010], lv denied 15 NY3d 758 [2010]; cf. People v Houghtaling, 87 AD3d 1302, 1302 [4th Dept 2011]; People v McCullough, 209 AD2d 965, 965 [4th Dept 1994]). We thus conclude that "the court made a proper inquiry and placed its reasoning on the record for determining that defendant's absence was deliberate" (Zafuto, 72 AD3d at 1624). Indeed, after being released on her own recognizance, defendant never once returned to court despite being informed of each court proceeding. Inasmuch as the hearing, trial and sentencing were held on four consecutive days, the court was not required to revisit the issue on each consecutive day.
We reject defendant's further contention that she was denied effective assistance of counsel when defense counsel failed to object when the court proceeded in defendant's absence. "There can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005]).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court